PURCHASE HILLS REALTY ASSOCIATES, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 46031.)

Third Department, July 20, 1970.

Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch and Jean M. Coon of counsel), for appellant.

David Marcus (John E. Watkins, Jr., of counsel), for respondent.

GREENBLOTT, J. This is an appeal from a judgment in favor of claimant, entered January 16, 1969, upon a decision of the Court of Claims.

Claimant is a partnership formed in 1963 for the purpose of purchasing 317 acres of undeveloped rolling land in the Town of Harrison, Westchester County, developing a golf course on a portion thereof, and developing homesites on the land surrounding the golf course. The golf course was completed prior to the appropriation herein for highway purposes of portions of parcels designated A, B and C. Prior to the appropriation, parcel A contained 55.074 acres, and was located on the easterly boundary of the golf course, fronting on Purchase Street. Parcel B con-

tained 25.963 acres; parcel C contained 5.748 acres, and both were located along the northerly boundary of the golf course. The area was surrounded by other golf courses and expensive homes, and this area (known as the Purchase area of Harrison) was one of the most desirable and exclusive areas in Westchester County.

The appropriation was for the purpose of constructing an interstate highway. The taking consisted of 10.512 acres from parcel A; 2.995 acres from parcel B; .255 acre from parcel C; and a permanent easement of .366 acre from parcel B for drainage purposes. The taking from parcel A separated the remainder of parcel A (except for a small portion which was landlocked between the taking and the golf course) from the golf course, as the westerly boundary of the taking roughly corresponded with the easterly boundary of the golf course.

The trial court found that the highest and best use of the property prior to the appropriation was residential subdivision, enhanced by location adjacent to an operating golf club, and that the highest and best use after the appropriation was the same except that parcel A had lost its enhancement. The court awarded claimant $199,520 plus interest; $94,330 constituted direct damages and $105,190 consequential damages. In doing so, the court found that parcel A was damaged 12% due to the loss of enhancement and $1,000 per acre due to the construction of the highway, and that one of parcel C's two buildable lots was damaged to the extent of one half its value due to the nearness of the highway.

The State contends that the court's award of consequential damages to parcel A due to the loss of enhancement enjoyed by residential lands surrounding the golf course was improper because it in effect constituted damages for severance of the remainder of parcel A from property not owned by claimant. Both appraisers agreed that prior to the appropriation the property was enhanced by its location adjacent to the golf course. The State's contention is that any loss of enhancement is not compensable under the circumstances at bar, citing *Main Water* v. *State of New York* (23 A D 2d 620). We find the State's position untenable. That case is factually distinguishable since the enhancement was due to the fact that any future expansion by the neighboring college would have been over claimant's land.

The State concedes that awards have been upheld in cases where property had an enhanced value due to a scenic view which was impaired or destroyed by an appropriation separating the remainder from the object of the view. (*Keinz* v. *State of New York*, 2 A D 2d 415; *Lane* v. *State of New York*, 265 App. Div.

890.) The State attempts to distinguish these cases on the ground that they involved physical obstructions to visibility such as an embankment, whereas in the case at bar the land sloped downward from the easterly boundary of the taking, westerly across the taking area to the golf course, so that the new highway was depressed with respect to the remainder of parcel A. Thus, the State contends there was no loss of view of the club as a result of the appropriation. This argument ignores the fact that a view may be effectively impaired even though it may be physically possible to see the object of the view. One cannot realistically contend that there has been no loss of view when that view must now be made across the new highway. It also seems clear that there are other more significant elements causing enhancement in value of residential property due to location surrounding a golf course besides the view, probably one of the most significant being the element of prestige and exclusivity attaching to such a location, which clearly would not be limited to only those homesites immediately adjacent to the golf course. We conclude that the introduction of a high speed interstate highway between the remainder of parcel A and the golf course has resulted in a loss of enhancement enjoyed by the residential lands surrounding the golf course. This loss is a direct result of the use to which the appropriated parcel is now devoted and is compensable since there has been a partial taking (*Dennison* v. *State of New York*, 22 N Y 2d 409). The fact that the enhancement in value was generated from property not owned by claimant does not affect the result.

The State next contends that the court improperly awarded consequential damages for noise and fumes resulting from the new highway. The court found that the remainder of parcel A was damaged $1,000 per acre as a consequence of the improvement, and that one of parcel C's two buildable lots was damaged one half its value due to the nearness of the improvement. This conclusion finds support even in the State appraiser's testimony, who found damage to parcels A and C due to proximity of the highway.

However, the State contends that the instant case does not fall within the limits set forth in *Dennison* v. *State of New York* (*supra*) and attempts to distinguish *Dennison* on the ground that, in view of the golf course and highest and best use of residential subdivision present in the case at bar, the complete privacy and seclusion of the residential estate property in *Dennison* is lacking. We do not agree. The surrounding area containing golf courses and expensive homes, was an exclusive, high quality, relatively secluded wooded area which made **the**

subject property highly desirable for development. The introduction of a high-speed interstate highway into this area seriously affected the valuable qualities which made the area uniquely desirable. The complete privacy and quiet the owners had enjoyed prior to the taking were essentially destroyed, replaced by loss of view, traffic noise, lights and odors. We conclude that the facts of this case fall within the *Dennison* rationale.

All that remains to be determined is whether the court's award lies within the range of testimony. An analysis of the award reveals that the court's award of $77,060 damages to parcel A due to the loss of enhancement and the nearness of the highway is outside the range of the testimony, as is its award of $10,000 damages to parcel C due to the nearness of the highway. Claimant's appraiser places the severance damage attributable to parcel A at $70,800, from which must be subtracted that portion which was due to the landlocked or isolated areas. He found that 1.27 acres of parcel A were landlocked for a total damage of $8,790, which leaves a total of $62,010 severance damage to the remainder. The court's award of $33,768 for damages due to the loss of enhancement and $43,292 for damage due to the nearness of the highway for a total of $77,060 is therefore outside the range of testimony. Likewise, the court's award of $10,000 damages to parcel C due to the nearness of the highway is outside the range of the testimony, since the claimant's appraiser found this damage to total $5,580. Although the total figure awarded by the court for consequential damages is within the range of the testimony, the components of this award are not, the reason being that the court rejected claimant's contention of substantial damage to the remainder of parcel B. Not only must a total award be within the range of expert testimony, but likewise its various components. Otherwise it must be supported by independent evidence and satisfactorily explained (*Ridgeway Assoc.* v. *State of New York*, 32 A D 2d 851). This requirement not being met, the award cannot stand. The award must be modified by reducing it from $199,520 to $180,050.

We do not approve of the method adopted by the court in awarding consequential damages to parcel A. The court made a separate award for damages due to loss of enhancement ($33,768) and for damages due to the nearness of the highway ($43,292). On the facts of this case it is clear that the two are interrelated, and the court's method gives rise to the possibility of some duplication. However, claimant's appraiser treated the damages to parcel A due to loss of enhancement and nearness of the highway as a composite factor. In reducing this award so that it falls within the range of the testimony, we

feel that any possibility of duplication has been removed and that such an award is proper and just on this record.

The judgment should be modified, on the law and the facts, by reducing the amount thereof to $180,050, as computed above, together with appropriate interest and, as so modified, affirmed, without costs.

HERLIHY, P. J. (dissenting). I disagree with the conclusion of the majority that the claimant is entitled to receive consequential damage for both a loss of enhancement value and an additional sum of money per acre for the loss of privacy and seclusion as to parcel A. A casual reading of the majority opinion as to those items amply discloses that the items are a duplication of each other. The enhanced residential value which arose out of the proximity of parcel A to the golf course was nothing more than the exclusivity and privacy that the superhighway has effectively destroyed. It should be noted that the enhancement by proximity of parcel A to the golf course does not include any proposed freedom of access by potential residents thereon to the golf facilities. If the State had solely appropriated a permanent easement without any construction or reconstruction to be done in the taking, there would have been no loss of the enhancement as established by the facts in this case. The loss of enhanced value arises solely from the construction of the superhighway and under such circumstances the further allowance of $1,000 per acre awarded as consequential damage for the inherent nuisance of a superhighway in close proximity to residential property is duplication as a matter of law and the award should be reduced by the sum of $43,292 as consequential damage assigned to the highway itself.

The case of *Dennison* v. *State of New York* (28 A D 2d 28, affd. 22 N Y 2d 409) involved the question of whether or not the consequential damages allowed therein were based upon noise. The net result of that case appears to be that landowners of residential property are entitled to receive the reasonable and established difference between the before market value of their premises and the after market value. In *Dennison* there was involved a parcel of property improved with a residence and considerable landscaping which conformed the entire premises to its rural and secluded setting prior to the advent of the highway. While the *Dennison* property was residential in value both before and after the taking, the property had a particular enhanced value arising from the improvements thereon as a secluded estate, which particular value was destroyed or seriously lessened by the highway. In *Dennison* the landowner

was compensated for the loss of the enhanced value. In any event, in *Dennison* the courts were concerned with real property upon which there were substantial improvements and it would appear that *Dennison* is of little value as a precedent in regard to vacant, unimproved, raw acreage having a highest and best use for residential purposes. In the present case the award as modified proposes to doubly compensate the landowner for the loss of enhanced value.

I agree with the majority that the court exceeded the range of the testimony as to consequential damages for parcel C.

The trial court's award of $77,060 as consequential damages to parcel A should be reduced by the sum of $43,292 and the award of $10,000 as consequential damages to parcel C by the sum of $4,220, and the judgment and award modified to the sum of $152,008, and, as so modified, affirmed.

REYNOLDS and STALEY, JR., JJ., concur with GREENBLOTT, J.; HERLIHY, P. J., dissents and votes to modify by reducing the award to $152,008, with interest, and, as so modified, affirm, in opinion in which SWEENEY, J., concurs.

Judgment modified, on the law and the facts, by reducing the award to $180,050, as computed above, together with appropriate interest, and, as so modified, affirmed, without costs.