■ Jeanne Dreyfus, Respondent-Appellant, v. State of New York, Appellant-Respondent. (Claim No. 49406.) — Cross appeals from a judgment in favor of claimant, entered June 9, 1970 upon a decision of the Court of Claims awarding claimant the sum of $56,165 as damages for the appropriation of approximately 5.5 acres of the claimant's land in fee from a tract of about 24.5 acres. Both appraisers determined that the before and after use of the premises was best suited for residential with a potential residential subdivision and on this appeal the State raises no issue as to the value approaches used by the appraisers. This action in many respects is *sui generis.* We adopt the court's finding that the claimant's direct damages amount to $21,300 (rounded). We have, however, a different opinion as to the consequential damages. The court found a 25% loss of value as to the improved remainder and a 5% loss of value of the unimproved remainder due to depreciation "of its quietude, tranquility, seclusion and rural character". There is no proof in the record to justify such a percentage loss, but assuming such fact, the testimony and finding that the property was best suited for a residential subdivision — and the proof and award are predicated on such happening — the original character of the residence and its surrounding property as a country estate was drastically changed by the highest and best use for subdivision purposes. Accordingly, a large amount of any percentage loss of value results from the imposition of a potential subdivision and not solely because of the highway and highway construction. In view of the award based on a potential subdivision, the case of *Dennison* v. *State of New York* (22 N Y 2d 409) is not a precedent for consequential damages based upon a loss of the secluded, rural characteristics attendant upon the otherwise country estate nature of the subject premises and improvements thereon. Under the proof in the record it appears that the consequential and/or severance damages, as found by the

State appraiser, are more realistic and should be adopted. The amount of $16,050 represents $2,400 for land and $13,650 for improvements with the explanation that " This damage can be attributed to loss due to proximity of the taking line to the dwelling, construction of bridge raising Guard Hill Road in front of dwelling, and the loss of utility due to the landlocking of a parcel in the northwest corner." Accordingly, this court finds that the direct damages amount to $21,300 and the indirect damages, as explained above, amount to $16,050, for a total award of $37,350. Judgment modified, on the law and the facts, so as to reduce the award to $37,350, together with appropriate interest, and, as so modified, affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.