■ AGNES E. MEYER, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 48708.) — Cross appeals from a judgment in favor of claimant, entered September 23, 1970, upon a decision of the Court of Claims. Claimant was the owner of 99.69± acres of unimproved, wooded and rolling land in the Town of North Castle, Westchester County, New York consisting of two parcels separated by a country road and having a highest and best use for residential purposes. The State appropriated 37.977± acres for the purpose of a four-lane interstate highway that bisected the property, leaving claimant with three separate parcels. The court below made an award of $205,365 representing direct damage of $3,800 per acre and the balance being consequential damages. Upon this appeal, the State contends, among other things, that the Court of Claims ignored certain costs of improvements for development purposes that render the comparable sales offered by claimant irrelevant and the ultimate award excessive. The claimant, on her appeal, contends that the court in refusing to apply the rule set forth in *Dennison* v. *State of New York* (22 N Y 2d 409), failed to make an award for consequential damages for loss of view, seclusion and privacy and of exposure to traffic noise, lights and odors. It is clear from the record that the necessary and proper adjustments to the comparable sales were made by claimant's experts, and that the other issues raised by appellant were essentially questions of fact for the court and ought not to be disturbed (*Latham Holding Co.* v. *State of New York*, 16 N Y 2d 41; *Kastelic* v. *State of New York*, 29 A D 2d 803). There is no dispute as to the highest and best use of the land in question and it is also clear that this land is among the most desirable available in the area for residential purposes. However, the value determined by the court is within the range of testimony or supported by other evidence in the record sufficient to sustain the award (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428). The award of consequential damages was made in accord with all applicable rules. We have considered other issues raised upon this appeal and find them without merit. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Reynolds, JJ., concur.