Cooke, J.
(dissenting). To sustain the award of consequential damages here, it is necessary to bring the case within the rationale of Dennison v State of New York (22 NY2d 409). Indeed, the majority employs that decision to support its holding. After quoting from Judge Fuld’s concurrence which emphasized "the quietude, the tranquility and the privacy of the [Dennison] property” (p 414), the majority here concludes: "So it is in the present instance.” Claimant’s brief states that "while we do not even suggest that the sylvan setting portrayed in Dennison was present here, w'e do strongly urge that a similar rationale is applicable.”
Anyway it’s sliced, this is simply not a Dennison situation.
The Dennison home was located (p 411) "in a remote wooded area in Lake George” in an area consisting of "generally high and beautifully wooded and landscaped land.” The westerly portion of the premises "was covered with a natural stand of trees” and the entire eastern section was surrounded by "many tall pine, maple, birch, oak and fruit trees.” A stream running into Lake George formed one border of the property. The landscaping included (p 411) "exotic shrubs and trees” with a "raspberry and asparagus garden and dwarf apple trees” and "[l]arge shade trees bordered on the lawns.” In sum, the property was found to be "entirely secluded, quiet and peaceful” by the trial court. (48 Misc 2d 778, 780.)
*414 Here, on the other hand and in stark contrast, the subject property is located at the intersection of Central Park Avenue and Tuckahoe Road in the City of Yonkers, the fourth most populated city in the State. Claimant’s appraiser described the 66-foot-wide Central Park Avenue as the "principal north-south thoroughfare in the City of Yonkers” and Tuckahoe Road, the pavement of which was 75-feet wide, as "one of the three principal east-west thoroughfares in the City of Yonkers.” He concluded that the corner was the "choicest corner in the entire area.” The change in the setback of the high school building from the edge of the right of way of Tuckahoe Road, occasioned by the appropriation, was from about 180 to about 140 feet. On the Central Park Avenue side, the setback from the edge of the right of way was reduced from about 85 to 60 feet, but the building is further from the main line traffic than it was before the taking.
To uphold the consequential damages here, based as it is, in substantial part, on the ground that the appropriation "made traffic noise more audible”, is contrary to a substantial body of law which has developed following Dennison and is an unwarranted and unwise extension of Dennison. In Bronxville Palmer v State of New York (36 AD2d 10, app dsmd 28 NY2d 817) the trial court, in computing consequential damages relating to an appropriation also in Yonkers, considered "the loss of privacy and quiet, loss of view, light and air, exposure to traffic noise, light and odors.” The Appellate Division, in overruling consequential damages because of such considerations, held, at page 14, that "the [trial] court’s reliance on Dennison to support the other elements of consequential damages [those elements other than the taking of permanent easements] is inappropriate, since the location of subject property admittedly on two 'principal thoroughfares’ in Yonkers, was a far cry from the 'entirely secluded, quiet and peaceful’ setting pictured in Dennison (p. 411) nor was this 10-story apartment enterprise in a busy highly populated area a property possessing 'the quietude, the tranquility and the privacy’ prized and desired in Dennison (p. 414).” (See Kauffman v State of New York, 43 AD2d 1004, affd 36 NY2d 745; Meyer v State of New York, 40 AD2d 881, mot for lv to app den 31 NY2d 646; Dreyfus v State of New York, 37 AD2d 1032; Valicenti v State of New York, 35 AD2d 610; see, also, Sperry v State of New York, 50 AD2d 618; Lucas v State of New York, 44 AD2d 633.)
*415 Purchase Hills Realty Assoc. v State of New York (35 AD2d 78, affd 30 NY2d 615), cited by the majority, not only is also distinguishable from the instant situation but is supportive of the State’s position. As pointed out at the Appellate Division there, the "surrounding area containing golf courses and expensive homes, was an exclusive, high quality, relatively secluded wooded area” (p 81) and the "complete privacy and quiet the owners had enjoyed prior to the taking were essentially destroyed, replaced by loss of view, traffic noise, lights and odors” (p 82).
Since the Dennison approach permeated the finding as to consequential damages, there should be a new trial on that subject.
I dissent and vote for a modification of the order appealed from so as to provide for a new trial solely on the issue of consequential damages.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler and Fuchsberg concur with Judge Jones; Judge Cooke dissents in part and votes to modify in a separate opinion.
Order affirmed, with costs.