In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Bounded by West 235th and Other Streets, in the Borough of The Bronx, Selected as a Site for PUBLIC SCHOOL No. 24. VEDBEL CORPORATION, Appellant.

First Department, June 19, 1953.

*Monroe Goldwater* of counsel (*Harry Rodwin* and *Bernard Katz* with him on the brief; *Goldwater & Flynn,* attorneys), for appellant.

*Benjamin Offner* of counsel (*Harry E. O'Donnell* and *Reuben Levy* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* We think that the award in this condemnation proceeding was adequate, whether the property taken be valued for business or residential use.

Claimant acquired a vacant tract of 2,208,000 square feet adjoining the Henry Hudson Parkway in the vicinity of West 235th Street in the year 1945 for $450,000. In 1949 it prepared a site plan for the development of the entire area as a residential section containing twenty-three apartment buildings. The site plan contemplated building on the plot acquired in this condemnation two apartment buildings and a group of stores.

The plot acquired in this proceeding in 1950 was 145,300 square feet adjoining West 235th Street. This represents 6.5% of the entire acreage, and the contemplated store use would have occupied about one third of this plot. The award made for this plot was $125,000.

The purpose of the condemnation is the erection of a school, which will undoubtedly contribute greatly to the residential value of the surrounding territory and to the fulfillment of the plans for the proposed development. We do not consider this fact as a valuating factor in this proceeding, but it is not without bearing upon the question of whether claimant is being fairly treated by the taking of the school plot and by the damage award made.

The condemnation court fixed the value on the basis of a residential use for this particular plot, whereas claimant contends that it was entitled to a valuation based upon a contemplated business use. This theory was rejected by the court because the property was not zoned for business. Recognizing the law that the best available use must be considered, the court held that the availability must be present at the time of the taking and was lacking here. Claimant counters with the observation that a change in zoning was sufficiently in prospect as to be regarded as a reality.

This court is divided in its opinion as to whether on the prevailing facts claimant was entitled to have the plot considered for business use. We are all of the opinion, however, that under any view of the case claimant has been properly compensated.

The plot taken must be considered in its relation to the whole development. It is not an isolated piece of property which had a value one way or the other on its own. Its value, as indeed the value of the entire area, lay in its integration in a large residential development which at some point would contain a small and subsidiary provision for neighborhood stores. There was no showing that this point had to be or necessarily should be on the particular plot taken in this condemnation, or that other parts of the development would not be appropriate for the limited business use. There was no requirement, therefore, that this particular piece should be assigned the greater value.

Even if it were so elected, however, it is to be noted that the plot was still to be used predominantly for residential building and that only a fraction of it was to be devoted to business purposes. Claimant's expert testified to a value for business use 50% in excess of that for residential use.

The value of this plot, based upon its purchase price in 1945, would be about $30,000. The award for this property five years later was something over four times that amount. Assuredly the prospect of the development was much brighter at that time and it can fairly be said that the plot had taken on a far different value than that reflected in the purchase price a few years before. We think that increased value has in turn been fairly reflected, however, in the award made and that it is sufficient to take care of any appropriate consideration which might be given to the prospective business value of the part of the plot taken. The order appealed from should be affirmed.

Peck, P. J., Glennon, Cohn, Breitel and Bergan, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent. [See *post*, p. 835.]