■ J. C. W. REALTY CORP., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 51223.) — Appeal from a judgment in favor of claimant, entered January 19, 1973 upon a decision of the Court of Claims. On July 31, 1968, the State, pursuant to section 30 of the Highway Law, appropriated 26,649 square feet in fee and 1,941 square feet for a permanent easement of a vacant lot owned by claimant. The property was located in the Town of Islip, Suffolk County and consisted of 2.818 acres or 122,752 square feet before the appropriation. The parcel had a frontage of 466 feet on Sunrise Highway. The highest and best use found by the court was mostly zoned as Business 1 for commercial development uses and partial as Residence B. All parties agree with the court as to the highest and best use of the property. After the appropriation, the remainder consisted of an irregularly shaped area of 2.206 acres or 96,120 square feet. Claimant's appraiser testified that the square foot valuation for the taking in fee and for the permanent easement was $4 per square foot. State's appraiser testified that the square foot before value for the taking in fee was $2.05 per square foot, and for the permanent easement was 90% of its before value. He also estimated severance damage in the amount of $1,750 while claimant's appraiser did not estimate any severance damage to the remainder as a result of the taking. The court awarded direct damage for the 26,649 square feet appropriated in fee at $2.40 per square foot and for the 1,941 square feet of the permanent easement at 90% of the fee value per square foot and, also, $3,000 for consequential damage to the remainder. On March 29, 1968, claimant had entered

into a contract to sell the parcel as it existed prior to the appropriation for an amount representing $2 per square foot which contract provided that, in the event of an appropriation of part of the land, the purchase price would be reduced by $2 for each square foot of land taken. Title to the remainder of this parcel, pursuant to the contract, was conveyed on January 17, 1969. The State contends that the value set forth in the contract of $2 per square foot for the land is the fair market value for the purpose of computing the award, and the trial court erred in adopting a valuation of $2.40 per square foot. The contract of sale contained certain restrictive covenants running with the land limiting the use of the land for the benefit of the seller and of the adjacent lands, and was also conditional on the purchaser being able to obtain a zoning variance for the construction of an office building. Both appraisers used the market data method of valuation and presented adjusted comparable sales. Claimant's appraiser testified in relation to the contract of sale of the subject property and adjusted it upward for appropriation purposes since the contract price was, in his opinion, influenced by the restrictive covenants in favor of the seller. The State's argument that the price set forth in the contract sets the fair market value of the property for appropriation purposes is not applicable under the circumstances here. Evidence of the purchase or sale price of the property appropriated, even if such took place at a time very near to the date of appropriation is merely to be considered with all the other evidence in arriving at a valuation. Such evidence is not conclusive and does not provide an absolute standard of value, but becomes only one of the factors to be considered .(*Dennison* v. *State of New York*, 28 A D 2d 28, affd. 22 N Y 2d 409; *Columbus Holding Corp.* v. *State of New York*, 36 A D 2d 674). The trial court's award, based on $2.40 per square foot valuation of the subject property, was within the range of the expert testimony and was supported by the weight of the market data in the record. The award for the taking in fee and the permanent easement should be affirmed. The trial court's award of $3,000 for severance damage is not supported by the record. Claimant's appraiser testified that there was no severance damage while the State's appraiser valued the severance damage of $1,750. The trial court was, therefore, limited to the amount as valued by the State's appraiser and the award for severance damage should be reduced from $3,000 to $1,750. Judgment modified, on the law and the facts, by reducing the amount of damages awarded to $69,950 with appropriate interest, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.