■   ELISSA LORD, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 52433.)—Appeals from (1) a judgment entered October 18, 1973 upon a decision of the Court of Claims which awarded claimant the sum of $749,000 plus interest for damages resulting from the partial appropriation of her property for highway purposes and (2) an order entered October 16, 1973 which denied claimant's motion to have her notice of intention to file a claim deemed the claim for the purposes of determining interest. Claimant's husband purchased some 55.80 acres of land in May of 1965 located in the Village and Town of Ossining, Westchester County. Claimant's title does not involve any new or further consideration from her. The premises were separated into two parcels by railroad tracks; the underwater parcel was located in the bed of the Hudson River on the westerly side of the tracks and consisted of 15.77 acres, and the other parcel being on the easterly or upland side of the tracks and consisted of 40.03 acres. Prior to the appropriation, the upland property was zoned entirely for multifamily housing. Prior to the appropriation, applications in accordance with the zoning were made for planning board approval of plans for development of the property. On March 9, 1967 one for a proposed 696 apartments was prepared and submitted to the planning board. Apparently in November of 1967 the claimant was advised by the local planning board of the possibility of a State highway running through her property. In March of 1968 a plan for 553 apartments was submitted, but apparently not approved. Finally the claimant's husband was advised that after the proposed appropriation by the State an area of 23 acres having access on Snowden Avenue would remain and in accordance with a contract for the development and sale of that acreage, a site plan for 219 apartment units was approved by the planning board on July 23, 1968. The appropriation occurred on July 31, 1968 and not only took the acres previously expected by claimant to be appropriated, but also divided the acreage involved in the 219-apartment site plan approved by the planning board into two separate parcels of 13.686 acres and 5.504 acres. The trial court found that before and after the appropriation the highest and best use of the premises was in accordance with its zoning which was also the opinion of the appraisers. The claimant does not appear to dispute the findings of the court as to highest and best use prior to the appropriation. The trial court found that the before value of all of the property was $1,155,770. This amount was well within the range of value asserted by the appraisers on behalf of the State and the claimant. Furthermore, the court in reaching that value relied upon the sale of certain property utilized by both the appraisers as a comparable sale and also on the price of $600,000 paid by the claimant's husband in 1965 for the property. The claimant urges several individual items of error; however, the record does not in any way demonstrate that a before value nearly double the purchase price of about three years before fails to represent the reasonable market value at the time of the appropriation (see *Matter of City of New York [Public School No. 24—Vedbel Corp.],* 282 App Div 225, mot for lv to app den 306 NY 982). The after value as found by the trial court at $406,850 is substantially less than the $705,000 found by the claimant's

appraiser, but is more than the amount of $336,000 found by the State's appraiser. The claimant's appraiser found that after the taking some 260 dwelling units could still be erected as opposed to 550 units estimated in the before value. The per unit value as found by the claimant was about 46% of the before value on both a per unit basis and a per acre basis. The court's after value as a percentage of before acreage value would exceed that percentage of damage, being about 75% of the before acreage value. The State's appraiser found a severance damage to the remaining usable acreage of about 7%. Accordingly, it was clear that the trial court's evaluation of the severance damage to the remaining usable acreage was within the range of the testimony. The only factor which is not within the range of the testimony is the trial court's finding that a landlocked 2.947-acre parcel of land had an after value of $2,850 per acre when in fact both the claimant's appraiser and the State's appraiser valued it at $1,000 per acre. The record is devoid of any evidence which could support the trial court's finding of the after value of that parcel of land and, therefore, we must modify and increase the award. Upon the present record we do not find that the award of damages is so questionable as to require a new trial since the damages awarded, *inter alia,* exceed the amount paid for the property only three years before the appropriation and the claimant retains a large portion of the usable land (cf. *Matter of City of New York [Public School No. 24— Vedbel Corp.], supra).* We are unable to say that the amount awarded was inadequate or not supported by the evidence. In such circumstances, this court will not intervene to make new findings except as found herein. We find no merit to the appeal from the order denying the motion to predate the claim. Judgment modified, on the law and the facts, by increasing the award by the sum of $5,550 for severance damages, and, as so modified, affirmed, without costs. Order affirmed, without costs. Sweeney, J. P., Kane and Herlihy, JJ., concur; Main and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Mikoll, J. Mikoll, J. (dissenting). I concur with so much of the majority's decision which affirms the order entered October 16, 1973, which denied claimant's motion to have her notice of intention to file a claim deemed the claim for the purposes of determining interest and respectfully dissent from the remainder of the majority's decision. The court in rendering a finding on before value relied on two sales, the prior 1965 sale of the subject property and the Scarborough Manor sale, a sale of vacant land much like the subject property. The court said it adjusted the Scarborough sale upward for time and location and downward for size. These were not otherwise quantified in the record. Although the court stated that in valuing the Scarborough property, it was appropriate to consider extraordinary site costs, it did not indicate how it had done so. It is obvious that this was not done since the court's conclusion on the value of the subject property was $28,500 per acre whereas the $500,000 in site costs alone break down to over $42,000 per acre. It was improper for the trial court not to explain its findings so as to make appellate review meaningful *(Conklin v State of New York,* 22 AD2d 481). The second before value sale relied on by the court was the 1965 sale of the subject property. Neither appraiser used this sale. The court stated it was adjusting upward for time without quantifying the amount. The court found before value of the upland to be $28,500 an acre and underwater land $1,000 per acre. This is higher than the per acre 1965 purchase price of the subject property which was $15,000 per acre. However, present in the record is extensive testimony relative to the Lane contract which was a contract of sale for a substantial part of the land appropriated, entered into three

months before the taking. The record discloses that claimant's husband had done considerable work to prepare the Lane contract lands for development and the property had been approved by the local planning board and was ready for development. The Lane contract reflected an enhancement of the value of a large portion of the subject property (24 acres). As to this parcel, it was error to consider the 1965 sale as a probative measure of before value. (Matter of City of New York [Public School No. 24—Vedbel Corp.], 282 App Div 225, mot for lv to app den 306 NY 982; Brighton Plaza v State of New York, 32 Misc 2d 266). The Lane contract lands were qualitatively different in that they had been approved for development and should have been evaluated separately. Although the Lane contract was aborted by the appropriation, it should have been considered. A contract of sale for a portion of property subsequently appropriated is admissable on the issue of fair market value (J. C. W. Realty Corp. v State of New York, 44 AD2d 618, mot for lv to app den 34 NY2d 521). The judgment should be reversed, and the matter remitted for a new trial.