ELIZABETH A. KEINZ et al., Individually and as Executors of FRED W. LANG, Deceased, Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 32751.)

Fourth Department, November 14, 1956.

*David R. Levin* and *Frederick J. Mix* for respondents-appellants.

*Jacob K. Javits, Attorney-General* (*John R. Davison* and *James O. Moore, Jr.,* of counsel), for appellant-respondent.

*Per Curiam.* These are cross appeals from a judgment of the Court of Claims. An award was made to claimants in consequence of the appropriation of a portion of their property for the construction of a State highway along the shore of Irondequoit Bay. The chief question presented is whether loss of view was correctly held compensable. Prior to the appropriation, claimants' lot extended to the shore line of the bay. Construction of the highway required the taking of a one-foot strip of their premises, their riparian rights, and certain structures. They have been deprived of all access to the water, and a pleasant view of Irondequoit Bay has been replaced by a view of a 30-foot highway embankment.

The State urges that the effect upon the market value of premises of a loss of view is entirely speculative and should not have been considered by the Court of Claims in determining the award. The authority for this rather arbitrary position is said to be the opinion of a majority of this court in *Crance* v. *State of New York* (284 App. Div. 750, revd. 309 N. Y. 680). Without pausing to consider whether the reversal in the Court of Appeals left the law as stated by this court undisturbed, we do not regard the *Crance* case as a relevant precedent. In that case the claimants' predecessor in title had conveyed to a railroad corporation the fee of a strip along the edge of Seneca Lake, reserving only the right of access to the water. Claimants had no Seneca Lake frontage, and none of their land was taken. When the State filled in a portion of the lake and constructed a highway, certain riparian rights were appropriated — but nothing else. Justice PIPER stated that the case was " very unusual " (p. 752) and that the amount of the award " depends upon what were included in claimants' riparian rights, having in mind that

they did not own any land adjacent to the waters of Seneca Lake." (P. 753.) He stated that the right of access and to build a pier were included therein, but that " We find no case that suggests that ' scenery ' is included in riparian rights." (P. 753.) He concluded that $2,000 was an adequate award, " having in mind the limited ' riparian rights ' which claimants have lost." (P. 754.) In other words, the court was valuing riparian rights and nothing else. The pleasant view afforded by scenic surroundings was held not to be a riparian right, and since none of the fee was taken, that ended the inquiry.

Our problem here is different. We must determine the fair market value of the premises before and after the appropriation, and if any factor having a bearing on that value is disregarded, then the constitutional requirement of just compensation is not satisfied. We believe that reductions in value due to impairment of view must be considered. No appraiser could possibly isolate that factor in his mind. A " willing purchaser " would not do so. Two properties might be physically identical, yet their value markedly different because of the surroundings. As Justice PIPER indicated in the *Crance* case, this has nothing to do with riparian rights. The " view " might be a mountainside or a valley as well as a lake. In either event, the view augments the value of the premises, and if a portion thereof is taken and the view is spoiled, the market value of the premises remaining is reduced. The extent of the reduction is no more speculative than many other factors affecting value. It may be a matter of judgment but it is also a matter of dollars and cents, and the constitutional policy requires that such reduction in value not be borne by the owner whose property is taken for a public purpose without his consent. (*Town of Fallsburgh* v. *Silverman*, 260 App. Div. 532, affd. 286 N. Y. 594; *Lane* v. *State of New York*, 265 App. Div. 890; *South Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y 301.) This is but an application of the principle that " Where land is acquired for public use without the consent of the owner he is entitled to recover the market value of the premises actually taken and also any damages resulting to the residue including those which will be sustained by reason of the use to which the portion taken is to be put by those acquiring it." (*County of Erie* v. *Fridenberg*, 221 N. Y. 389, 393.)

The judgment should be affirmed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WILLIAMS and BASTOW, JJ.

Judgment affirmed, with costs to claimants.