## (October 29, 1964)

RICHARD F. AHLHEIM et al., Respondents, v. STATE OF NEW YORK, Appellant.— Judgment unanimously modified, on the law and facts, by reducing the amount of the award to $13,600, and as modified, affirmed, without costs of this appeal to either party. Certain findings of fact disapproved and reversed and new findings made. Memorandum: The award of consequential damages in the amount of $25,400 was based on damages resulting from taking of claimants' land and the taking of lands on both sides of claimants' premises. Claimants were not entitled to consequential damages resulting from taking of their neighbors' lands. (*Campbell* v. *United States,* 266 U. S. 368, 377; *Matter of New York, West Shore & Buffalo Ry. Co.,* 101 N. Y. 685; *Boyd* v. *United States,* 222 F. 2d 493.) The amount awarded for consequential damages should, therefore, be reduced to the amount sustained as a result of the taking of claimants' land which we find to be $12,000. This amount added to direct damages of $1,600 found by the trial court shows that the total damages sustained by claimants amount to $13,600. (Supplemental argument on appeal by State from a judgment of the Court of Claims for claimants.) Present— Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.

CHISHOLM-RYDER COMPANY, INC., Respondent, v. STATE OF NEW YORK et al., Appellants.— Case held, decision reserved, and matter remitted to the Trial Judge for further proceedings in accordance with the memorandum. Memorandum: This matter was remitted to the trial court for the purpose of fixing the amount of each element of damage (*Chisholm-Ryder Co.* v. *State of New York,* 21 A D 2d 748). This has been done by a supplemental decision. An allowance of $18,491.78 was made for reimbursement of taxes which was agreed upon by the parties. The reasonable rental value for the period of the occupancy was fixed at $18,500 and is amply supported by the proof. The sum of $15,000 was allowed for the reduced value of the property by reason of the installations left thereon by the State. The claimant offered no proof as to reduced value but only proof as to the cost of removal of all installations left by the State without any showing that such removal was necessary for the highest and best use of the property. One of the State's experts expressed the opinion that the value of the property was not reduced while another was of the opinion it was enhanced by the installations. Thus it is apparent that the award for this element cannot be supported because of failure of proof. The matter is remitted only to allow further exploration as to this item of damage (CPLR 5522; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5522.05) and the filing of a supplemental decision thereon. (Appeal from judgment of Court of Claims for claimant on a claim for damages resulting from temporary appropriation of realty.) Present— Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.