■ ROCHESTER REFRIGERATION CORPORATION, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 39706.) — Judgment unanimously modified on the law and facts by reducing the amount of the award to $900 and as modified affirmed, without costs of these appeals to either party. Memorandum: On this appeal from an award of $900 direct damages for the fee taking of an area of 1,177 square feet and $12,839 for consequential damages, no issue has been raised as to the appropriateness of the $900 award for direct damages. The questions raised on the appeal relate only to the award for consequential damages. The record does not sustain claimant's con-

tention that its loading and unloading operations by truck have been substantially affected by the appropriation and there appears to be very little difference between the present loading operations and its preappropriation counterpart. Claimant still has complete use for access and maneuvering purposes of the entire portion of the fee area taken which is now provided for vehicle use on a new access road. It also has complete use of the area of the new access road on the southeast corner of its property to the limits of the railroad property. Any loss of usable ground area constituting a portion of any enforcible easement can only be of a few feet within that portion of the old railroad right of way over which claimant had retained an easement in its conveyance to the railroad company. In the light of the access area created by the new access road, free of any trestle work or concrete piers as were formerly present, there does not appear to be any provable damage present with relation to operations of motor freight. Any easement of access to a railroad siding on lands owned by the railroad would only have value so long as such siding existed. The shortening and stubbing of the siding owned by the New York Central Railroad would provide no basis for compensation to the claimant. One cannot be compensated for loss of value caused by the taking of property of another unless a property interest of some type exists in the appropriated parcel. (*Alheim* v. *State of New York*, 22 A D 2d 752 [4th Dept. 1964]; *Campbell* v. *United States*, 266 U. S. 368, 372.) There is no support in the record for any award of consequential damages. (Appeal and cross appeal from judgment of Court of Claims on a claim for damages for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.