IRA DENNISON et al., Respondents-Appellants, *v.* STATE OF NEW YORK, Appellant-Respondent. (Claim No. 42368.)

Third Department, June 28, 1967.

Louis J. Lefkowitz, Attorney-General (Martin H. Schulman and Ruth Kessler Toch of counsel), for appellant-respondent.

Edwin L. Marion, Jr., for respondent-appellant.

REYNOLDS, J. The State and the claimants appeal from a judgment of the Court of Claims which awarded claimants $37,000 and interest for the appropriation by the State for highway purposes of two parcels of claimants' residence property located in Warren County.

Claimants were the owners of a dwelling and surrounding parcel of land in a secluded area near Lake George. The property afforded substantial privacy and the beauty of natural surroundings. As a result of the State's appropriation, a road embankment was placed in a direct line of vision from the remainder, claimants were subjected to the noise of cars and trucks on the highway aggravated and increased by the fact that they proceed up a grade near the premises and the former privacy substantially diminished. The Court of Claims awarded claimants $4,100 direct damages and $32,900 consequential damages.

The State initially objects to the Court of Claims' consideration of noise as a factor in determining consequential damages. We have affirmed the principle that under certain circumstances noise is a proper element of consequential damage (Mt. Hope Cemetery Assn. v. State of New York, 11 A D 2d 303, 313, affd. 10 N Y 2d 752; cf., South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301, 306–307). The Trial Judge simply noted in passing (48 Misc 2d 778, 784): "We have considered the loss of privacy and seclusion, the loss of view, the traffic noise, lights, and odors all as factors causing consequential damage to the remaining property." While it is thus apparent that the Court of Claims considered noise as a factor, whatever amount attributable thereto is obviously not separable from other concededly legitimate value factors and therefore not subject to evaluation by this court or of sufficient portent in our view as to require a new trial (Gotthardt v. State of New York, 27 A D 2d 880). Similarly the interrelation of noise in the instant case with elements such as loss of vision and privacy would have made it impossible for the Court of Claims to attribute a separate specific amount as

attributable to noise and accordingly we see no error in the Court of Claims' failure to do so.

Secondly, both litigants challenge the use of the 1965 sale, three and one-half years after the taking, of the remainder by the Court of Claims. The State urges it should not have been considered because it did not receive appropriate notice that it would be utilized as required by section 16 of the Court of Claims Act and the claimants assert that it should have been utilized to establish conclusively an after value. We find no merit in either contention. Under section 16 the notice need contain only the names and addresses of the parties, the date of the sale, the location of the premises, information as to recording, if any, the price, and other material terms of the sale. There is no requirement in section 16 that the notice contain an indication that it will be utilized in the litigation, it presumably being assumed that the receiver of the notice will realize that the sale may be offered in evidence since the notice could have no other purpose in the context in which it is sent. Here claimants' lawyer sent a letter to the Attorney-General 10 days after the sale, telling him the date, location, price and buyers involved in the sale. This letter therefore disclosed the names of the parties, the date of sale, and the price, and identifies the parcel as the remainder of the subject premises as required by section 16 and while it omitted the address of the buyers, recording information and other terms of the sale, we can find no prejudice to the State from these defects and accordingly hold that there was substantial compliance with section 16. As to claimants' assertion that the sale be given conclusive effect, it is clear that the sale did not have to be made the absolute standard of value (*Matter of City of New York [Maxwell]*, 15 A D 2d 153, 162, affd. *sub nom. Matter of City of New York [Lincoln Sq. Slum Clearance Project]*, 12 N Y 2d 1086, and *sub nom. Matter of City of New York [Schnurmacher Corp.]*, 16 N Y 2d 497), and that the court did not ignore it (cf., *309 Veeder Ave. v. State of New York*, 26 A D 2d 749). Rather the court properly evaluated the circumstances surrounding the 1965 sale and weighed it accordingly which is exactly what it should have done.

Therefore, finding no further meritorious argument advanced why the judgment rendered should not be sustained, it should be affirmed.

GIBSON, P. J., HERLIHY, AULISI and STALEY, JR., JJ., concur.

Judgment affirmed, without costs.