■ OLGA ZAREMBA, as Executrix of WALTER SWIDUNOVICH, Deceased, et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 39382.) — STALEY, JR., J. Appeal by the respondent and cross appeal by the claimants from a judgment of the Court of Claims awarding damages in an appropriation case. On February 3, 1961 the State appropriated an irregularly shaped, narrow strip of land from the frontage of claimants' property on Route 9 in the Town of Malta, County of Saratoga. The total permanent acquisition embraced 0.689 of an acre. The taking required the razing of a residential building on the premises and a temporary easement for such purpose. The claimants operated a motel and restaurant on the property which contained 23.68 acres with approximately 943 feet of frontage on Route 9. The highway construction changed Route 9 from a two-way three-lane highway to a divided four-lane highway, with claimants retaining frontage on the northbound lane. As a result of the highway construction, the southerly portion of claimants' frontage is now four feet below grade, and the northerly end has a sharp embankment. The court found that the property had a before value of $110,000 and an after value, deducting $100 for the temporary easement, of $81,506 and awarded the claimants the sum of $28,493.80. The State, on this appeal, challenges four items as tabulated in the decision of the trial court, namely, direct damages allowed for trees and shrubs of $1,000 and for lawn of $1,000, and consequential damages allowed for the motel of $5,000 and for land of $4,000. The court awarded, in addition to direct damages for the land actually taken, additional sums of $1,000 for trees and shrubs, and $1,000 for lawn as improvements on the land taken which were destroyed by the taking. Direct or separate damages may not be allowed for trees, shrubs or lawn, which are within the area appropriated, but such items may be considered as affecting the value of the land. The measure of damages is not the separate value of the

trees, shrubs and lawn, but the value of the land as enhanced by them. (19 N. Y. Jur., Eminent Domain, § 155; *Comstock Foods* v. *State of New York,* 18 Misc 2d 519, affd. 11 A D 2d 753; *Bohmfalk* v. *State of New York,* 9 Misc 2d 577.) The trial court's award of direct damages for trees, shrubs and lawn was, therefore, erroneous. The claimants' appraiser testified that the consequential damages to the motel by reason of the taking was $6,170; the State's appraiser testified that it was $5,025; and the court awarded consequential damages of $5,000. The State's appraiser based his valuation of depreciation to the motel because, in his opinion, the motel "suffered a 20% severance damage because of the reduction of the setback and the grade change in the vicinity". Claimants' appraiser further valued the consequential damages to the land at $5,933; the State's appraiser valued such consequential damage as $3,143; and the court awarded consequential damages for the land in the sum of $4,000. The State's appraiser considered that the land was consequentially damaged by 33⅓% by virtue of the change of grade to below the previous grade level. The trial court apparently based its awards for consequential damage to the motel and land by reason of the loss of visibility from the southbound lane of the new highway and also stated: "An adverse factor is the increased noise to which the motel is now exposed, due to its closer proximity to the highway." The State contends that it was error for the trial court to give any consideration to consequential damages by reason of noise. However, this court has recently stated in *Dennison* v. *State of New York* (28 A D 28, 29), as follows: "We have affirmed the principle that under certain circumstances noise is a proper element of consequential damage (*Mt. Hope Cemetery Assn.* v. *State of New York,* 11 A D 2d 303, 313, affd. 10 N Y 2d 752; cf., *South Buffalo Ry. Co.* v. *Kirkover,* 176 N. Y. 301, 306-307). * * * While it is thus apparent that the Court of Claims considered noise as a factor, whatever amount attributable thereto is obviously not separable from other concededly legitimate value factors and therefore not subject to evaluation by this court or of sufficient portent in our view as to require a new trial (*Gotthardt* v. *State of New York,* 27 A D 2d 880)." The record here contained other factors than noise upon which the trial court could base its award for consequential damages, especially that of change of grade emphasized by the State's own expert, and the awards for consequential damage to the motel and land were proper and should be sustained. Claimants contend on their cross appeal that they are entitled to an award for the expense incurred to remove the water system from the residence demolished, and install it in the motel in order to maintain a water supply for the remaining structures. The uncontradicted testimony is to the effect that this expense amounted to $1,159. On this appeal the State does not contest the claimants' request for the "cost of cure" expense and it should, therefore, be allowed. Judgment modified, on the law and the facts, so as to reduce the award to $27,652.80, and appropriate interest, and, as so modified, affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley Jr., J.