■ Christ D. Friedrichsen et al., Respondents-Appellants, v. State of New York, Appellant-Respondent. (Claim No. 48902.) — Cooke, J. Cross appeals from a judgment in favor of claimants, entered May 6, 1969, upon a decision of the Court of Claims. Claimants owned a farm of approximately 193 acres in the Town of Nichols, Tioga County, situate on the north and south sides of Route 282. In connection with the construction of the Southern Tier Expressway, 28.853 acres of their operating dairy farm were acquired, 22.711 acres being crop land and 6.142 acres being river bank and brush land. All of claimants' lands north of Route 282, consisting of croplands between said highway and the Susquehanna River, were appropriated. In addition, the new elevation of 282 necessitated a taking of enough land on the south side of the highway to support a bank as much as 12 feet higher than previously. This effectively limited access to the remainder of claimants' farm to a 50-foot wide frontage on 282. There were no improvements on the parcels appropriated. Claimants' expert stated that the carrying capacity of the farm had been reduced by the taking from 55 milk cows to 42, 40 such units being the minimum for an economic dairy operation. The State's expert estimated the before taking capacity to be about 50 and that of the after appropriation capacity to be 40 or 45. Claimants' expert set a before value of $69,500 for the farm and its buildings, including therein an enhancement value of $5,000 for possible development of road frontage lots. His after value was $56,750, with damages of $12,750. Direct damages to land were fixed at $10,615, indirect to land at $1,225 and indirect damages to buildings at $3,890, the theory being that the reduced capacity of the farm would render the buildings more than adequate for the remaining farm, losing utility and value. In the after value he enhanced six acres bordering on Route 282 to the extent of $3,000, after he became aware of an unexercised option given by another party on adjoining property on Route 282 to a local commercial developer. The State's expert agreed with that of claimants that the highest and best use of the remainder of the farm was that of an operating dairy farm, his before value being $47,000 and his after value $65,000, by reason of commercial enhancement, with direct damages of $4,700 plus $1,000 as a cost to cure the farm driveway entrance which had to be relocated. The Court of Claims, finding that the highest and best use of the remaining land was for dairy farming, arrived at a $58,300 before taking value and an after taking figure of $49,600, with $4,700 for direct damages, $1,000 for cost to cure the driveway and $3,000 for consequential reduction in value of the farm buildings, exclusive of the house. On the record, it had the right to fix the direct damages and the cost to cure items as it did, as well as to find a sum for consequential damages without enhancement. However, the only figure for consequential damages to said buildings was that of $3,890 advanced by claimant. Judgment modified, on the law and the facts, so as to increase the amount of the award from $8,700 plus interest to $9,590 plus appropriate interest and, as so modified,

affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.