■    ELLY LUCAS, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 53029.) — Cross appeals from a judgment in favor of the claimant, entered October 18, 1972, upon a decision of the Court of .Claims. Claimant is the owner of a house and lot on the corner of Sherman and Sheridan Avenues in the Chestnut Hill Park section of Mount Vernon, New York. In 1968, pursuant to section 30 of the Highway Law, the State appropriated certain portions of this property, namely, a temporary easement of 0.061 acre and, in fee, a triangular section of land from the corner, measuring 20 feet on Sherman Avenue and 20 feet on Sheridan Avenue taken for the purpose of reconstructing the adjoining street. The State also lowered the elevation of these two avenues by approximately seven feet and, in so doing, removed a hedge belonging to claimant and shade trees belonging to the City of Mount Vernon from the front of the subject property. In their place was erected a six-foot concrete retaining wall with a cyclone wire fence on top. While undoubtedly these takings and changes were made in connection with the reconstruction of the nearby Cross County Parkway, clearly neither said parkway nor any of its appurtenances intrude in any way upon claimant's land. At trial, the court found, with both parties in agreement, that the subject property's highest and best use as a single-family residence remained unchanged by the various takings. Similarly, the court's valuation of the temporary easement is well within the range established by the opposing appraisers and should not be disturbed. As to the award for the permanent appropriation, however, wherein claimant seeks the adoption of her appraisal

*in toto* and the State seeks a sharp reduction in the award for consequential damages, serious difficulties present themselves which make affirmance impossible. The first problem concerns the after value of $50,415 which the court placed on claimant's property. This amount is higher than the corresponding figure of either appraiser, and the difference is neither supported by any other evidence nor sufficiently explained by the court. Accordingly, the decision is patently defective and will not be sustained (*Camp Bel-Aire* v. *State of New York*, 34 A D 2d 867; *Milsap* v. *State of New York*, 32 A D 2d 586). Further error was committed in the determination of the consequential damages to claimant's fee. Thus, such factors as the increased noise and fumes and the loss of privacy and view resulting from the reconstruction of the Cross County Parkway on appropriated land directly across the street from claimant's property were considered by the court in making its award, as was the loss of shade trees planted by the City of Mount Vernon on city-owned property. These damages resulting from the taking of neighbors' lands are clearly not compensable (*Rochester Refrig. Corp.* v. *State of New York*, 25 A D 2d 943, affd. 19 N Y 2d 996; *Ahlheim* v. *State of New York*, 22 A D 2d 752), and claimant's recovery of consequential damages is limited solely to those damages which arise by reason of the use to which the State puts the property taken directly from her, i.e., the triangular section (*Matter of City of New York* [*Rockaway Beach — Metro Investing & Credit Corp.*], 288 N. Y. 75; *South Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301). Reliance by the trial court on *Dennison* v. *State of New York* (22 N Y 2d 409) in making its award of consequential damages is unwarranted. Judgment modified, on the law and the facts, without costs, so as to vacate the award of damages for the permanent appropriation, and a new trial ordered, limited to the issue of damages for the permanent appropriation, and, as so modified, affirmed. Herlihy, P. J., Sweeney and Main, JJ., concur; Cooke and Kane, JJ., concur in the result.