■ CORYDON S. SPERRY et al., Respondents-Appellants, v STATE OF NEW YORK, Appellants-Respondents. (Claim Nos. 57990–57998 and 58005.)—Cross appeals from 10 orders of the Court of Claims, entered May 20, 1974, which granted in part and denied in part the State's motion for dismissal of the claims and for summary judgment. The State moved to dismiss all 10 claims on the grounds that the pleadings failed to state a cause of action and for summary judgment on the ground that there was no merit to the claims. The court granted the State's motion in part by dismissing the claims asserting damages for alleged taking and appropriation of claimants' property and denied the motion in part by refusing to dismiss the claims alleged upon the theory of nuisance. The State has appealed from those parts of the orders which deny the motions for dismissal of the claims based upon alleged nuisance. The claimants cross-appealed from so much of the orders granting the State's motion to dismiss the claims based upon alleged appropriation. The claims allege that the State constructed State highway known as Interstate Route I-684 which was opened in November, 1970; that the claimants owned real property near the segment of I-684 between Armonk and Katonah; that claimants' properties are located from 140 feet to 3,500 feet from the roadbed of I-684; that the heavy traffic, including both automobile and truck traffic on State highway I-684 near claimants' properties has subjected their properties and homes to excessive noise and vibration causing substantial damages to claimants and interfering with the peaceful use and enjoyment of claimants' properties. There is no claim that the State formally appropriated any of claimants' property or interest therein. The claimants contend that the noise and vibration emanating from the normal use of highway I-684 constitutes an appropriation of their

properties and a nuisance. We cannot agree. In *Dennison v State of New York* (22 NY2d 409) in connection with the construction of the Luzerne Road-Lake George Interchange the State appropriated some of the claimants' property. In determining the value of the property appropriated the Court of Appeals in a 4 to 3 decision allowed items for loss of privacy and seclusion, loss of view, traffic noise, lights and odors as factors causing consequential damages to the remaining property. The claimants now urge an extension of the *Dennison* case to allow recovery for damages caused by noise and fumes emanating from a legally constructed highway in the absence of any direct appropriation. The decision of this court in *Lucas v State of New York* (44 AD2d 633) is controlling. In *Lucas* the State appropriated a temporary easement and, in fee, a triangular section of claimant's property for the purpose of reconstructing the adjoining street. These takings were made in connection with the reconstruction of the nearby Cross County Parkway. The parkway and its appurtenances did not intrude in any way upon claimant's property. This court held that the claimant was not entitled to consequential damages for increased noise and fumes, loss of privacy and view resulting from the reconstruction of the Cross County Parkway. We said (p 634): "Further error was committed in the determination of the consequential damages to claimant's fee. Thus, such factors as the increased noise and fumes and the loss of privacy and view resulting from the reconstruction of the Cross County Parkway on appropriated land directly across the street from claimant's property were considered by the court in making its award, as was the loss of shade trees planted by the City of Mount Vernon on city-owned property. These damages resulting from the taking of neighbors' lands are clearly not compensable *(Rochester Refrig. Corp. v State of New York,* 25 AD2d 943, affd 19 NY2d 996; *Ahlheim v State of New York* 22 AD2d 752), and claimant's recovery of consequential damages is limited solely to those damages which arise by reason of the use to which the State puts the property taken directly from her, i.e., the triangular section *(Matter of City of New York [Rockaway Beach—Metro Investing & Credit Corp.],* 288 NY 75; *South Buffalo Ry. Co. v Kirkover,* 176 NY 301). Reliance by the trial court on *Dennison v State of New York* (22 NY2d 409) in making its award of consequential damages is unwarranted." Where there has been no partial taking of property by appropriation, an owner whose property adjoins a public highway is not entitled to damages resulting from the depreciation of his property due to noise of cars and trucks passing on the highway *(Mathewson v New York State Thruway Auth.,* 11 AD2d 782, affd 9 NY2d 788; cf. *Dennison v State of New York, supra).* The claims do not allege either an actionable appropriation or an actionable nuisance. The claims for damages for an alleged nuisance attempt to establish an action in tort. Section 10 of the Court of Claims Act requires a claim to recover damages for injuries to property caused by a tort to be filed within 90 days after the accrual of the claim. There is no allegation in the claims that claimants complied with section 10 of the Court of Claims Act. The claims for damages based in tort on the theory of nuisance should be dismissed for this reason. Orders modified, on the law and the facts, by reversing so much thereof as denied the motion to dismiss the claims based upon alleged nuisance, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.