### (October 21, 1976)

■ IRIS DU BOIS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54892.)—Appeal from a judgment in favor of claimant, entered November 19, 1973, upon a decision of the Court of Claims. In 1972 the State appropriated in fee a small strip at the rear of claimant's residential property in order to widen Midland Avenue in the City of Yonkers. Although the taking ran along claimant's northerly boundary for its entire 20-foot width, it only extended to a depth of 5.9 feet on the westerly sideline

and 7.7 feet on the easterly side. The appropriated area sloped downward toward Midland Avenue and contained several shrubs and trees, as well as a fence, which served to partially screen the remainder parcel from traffic on Midland Avenue and from the Cross County Parkway located farther to the. north. The State removed the foliage and erected a retaining wall on the appropriation to accommodate the widened Midland Avenue. Between Midland Avenue and the parkway a new road was constructed on lands of the East Hudson Parkway Authority. Another retaining wall, associated with the new road, now faces claimant's remaining property. The State appeals from the judgment of the Court of Claims awarding claimant $6,400 for the taking and, under the circumstances presented, we agree that it must be modified. In its allocation of direct and so-called "indirect" damages, the court properly found $450 to be the value of the land taken, an amount within the range of testimony, but then improperly added thereto sums of $500 for a large oak tree; and $1,400 for the loss of foliage and shrubbery, the "buffer" zone between the claimant's residence and Midland Avenue (Zaremba v State of New York, 29 AD2d 723). We reject claimant's reliance on her appraiser's report to cure this error because it contains no basis from which the value of the land as enhanced by those items can be calculated. Inasmuch as that report also failed to value the fencing and some macadam paving, it was further error for the court to allow more than $50 for those improvements, the sum established therefor by the State's appraisal, without some other evidentiary support or explanation for its action. Accordingly, claimant's total direct damages should be reduced to $500. Turning to the issue of consequential damages, we note that the court awarded $3,600 for the loss of view, presumably referring to the retaining wall of the new road which is now visible from the rear of claimant's residence. However, consequential damages are plainly limited to those which arise by reason of the use to which the State puts the property taken and do not encompass those which result from the taking of neighbors' land (Lucas v State of New York, 44 AD2d 633). Nor do we find this case an appropriate one for application of the principles of Dennison v State of New York (22 NY2d 409), as claimant's property never possessed an identifiable and functional interest in quietude. Even if that interest existed, it certainly was not substantially violated by the small appropriation involved herein (see City of Yonkers v State of New York, 40 NY2d 408). However, the replacement of a "buffer" zone of trees with a retaining wall which exposes her residence undoubtedly did have some consequential effect on claimant's property and probably accounted for some portion of the $1,400 figure for "indirect" damages cited by the court. In fact, the report of the State's appraiser includes an amount for this damage. Since there is no dispute over the award of $150 for the temporary occupancy by the State of another segment of claimant's property, the judgment should be modified to the extent of limiting the present award to $650, with appropriate interest, and directing a new trial on the issue of consequential damages. Judgment modified, on the law and the facts, by reducing the award to $650, together with appropriate interest, and by directing a new trial limited to the issue of consequential damages, and, except as so modified, affirmed, without costs. Greenblott, J. P., Kane, Main, Herlihy and Reynolds, JJ., concur.