█ DORATHEA S. CUMMINGS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 58287.)—Appeal from a judgment in favor of claimant, entered September 21, 1976, upon a decision of the Court of Claims. On January 3, 1974, the State appropriated a permanent easement for a stream channel along the entire easterly portion of claimant's property, located on Main Street in the Village of Unadilla, New York. The easement takes 43 feet along Main Street on the eastern side of claimant's frontage and extends some 290 feet along claimant's property, encompassing some .162 acre. The claimant's two-story frame dwelling and detached garage were not located in the area appropriated. Claimant's lot had 72 feet frontage on Main Street, and extended northward some 430 feet, was generally level at road grade, and was improved with a macadam surfaced driveway; a well supplementing village water, a septic system, and other land improvements, including a pergola. The lot was landscaped with lawn, foundation shrubs, large evergreen trees, deciduous trees, and a 98-foot hedge. The highest and best use of the property, prior to the appropriation was for a residence. The appraisers for the claimant and the State adopted the market value approach eliminating the income approach and cost approach as inappropriate for the subject property. Claimant's appraiser fixed damages at $15,750, finding a before value of $26,100 and an after value of $13,500. The sum of $3,150 was then added as a "cost of cure" for replacement of the water well, cellar drain line and portions of the septic system. The claimant's appraiser noted that the appropriation comes within two feet of the residence, which, he testified, makes the property less valuable on the open market. He placed a value of $7,000 on the land prior to appropriation. He determined the land had direct damages of $1,059 and consequential damages of $2,971. The comparable sales did not include any vacant land sales, and the appraiser had to abstract a land value from improved property sales. He gave a $100

value to the loss of the pergola and a $8,500 value as consequential damages to the buildings. The State's appraiser, using comparable sales, fixed a before value at $21,350 and an after value of $19,350, for total damages of $2,000 plus "cost to cure" of $1,500 for relocation of portions of the septic system. Using comparable vacant land sales, he fixed a land value of $3,550, which he determined had an after value of $2,950, for direct damages of $600. He fixed a total before value of $3,930 for the enhancement value of land improvements which included the septic system, cellar drain and the various trees and bushes. No value was given to the water well because the house had a public water supply. The State's appraiser gave a value of $1,000 as direct damages for the enhancement value of the trees and bushes which were destroyed by the taking. The building improvements were valued at $13,870, and were deemed to have consequential damages in the amount of $400 caused by loss of setting due to the removal of a large shade tree. The Court of Claims held that claimant's comparables were not a good indication of value, especially in that there were no vacant land sales. The court adopted the State's before valuation of the land at $3,550. The court noted that claimant's comparable sales required extensive adjustments, and rejected one of the State's comparables because it required a net adjustment of $4,850 to the basic sales price of $16,500. The court fixed the before value of the residence at $18,000, and the outbuildings at $1,000, and the land improvements at $3,930. The total before value was $26,280, which was above both claimant's before value of $26,100, and the State's before value of $21,350. In valuing damages, the court failed to find an after value, but rather fixed damages by adding direct damages to the portion taken, plus consequential damages to the remainder plus the cost to cure. The direct damages were measured by taking a straight percentage of the total land value reduced by 90%, which the court determined to be the percent of damage. Thus, the taking of a permanent easement on .162 acre was valued at $517, rounded up to $600. The consequential damages included $400 for loss of setting caused by the removal of a shade tree and $1,000 for severance damages to the land caused by the fact that the easement came within two feet of the residence, and the parcel had decreased in marketability due to the appropriation. The court stated that there were no consequential damages to the buildings, but there was consequential damages to the land. Cost to cure included what the court termed "direct damages" of $1,000 for the taking of $1,000 worth of trees and shrubs. The cost to cure also included $1,500 for the cost of relocating portions of the septic system, and $1,300 for the value of the water well, both as fixed by claimant's appraiser. The total award was $5,800. Claimant contends that the Court of Claims was in error in failing to fix an after value for the property and to make an award of consequential damages to the residence on the subject property; and that the court failed to find valuations and damages consistent with the proof. The claimant claims total damages of $15,680, the State claims total damages of $3,500, and the court found damages in the sum of $5,800, which was within the range of testimony. The court agreed with the State's expert's opinion of land value of $3,550 per acre before the taking. Since the appropriation affected .162 of an acre, the court determined direct damages of $600. The court also found consequential damages of $400 to the land, and to reflect the decrease of marketability of the property after the appropriation, the court found severance damages of $1,000. In addition, the court found cost of cure damages for the loss of trees and shrubs to relocate the seepage pit and pipe, and for the well of $3,800. The preferable measure of damages for a partial taking is the so-called before value and after value

rule which measures damages as the difference between the fair market value of the whole parcel before the taking, and the fair market value of the remainder after the taking *(Matter of City of New York [Civitano—Humble Oil & Refining Co.],* 39 NY2d 453; *Diocese of Buffalo v State of New York,* 24 NY2d 320). The before and after rule has been used where the partial taking involves an easement *(Adirondack Power & Light Corp. v Evans,* 226 App Div 490). "It is settled that the measure of damages to which an owner is entitled for a partial taking is the difference between the value of the whole parcel before the taking and the value of the remainder after the taking where no consequential damages were sought or awarded *(Diocese of Buffalo v State of New York,* 24 NY2d 320, 323)." *(Matter of City of New York [Civitano—Humble Oil & Refining Co.], supra,* p 456.) Apparently, strict adherence to the before and after rule may not be required where there are consequential damages. The award of the Court of Claims was based on items which the appraisers found caused a depreciation in the value of the property. The rule against itemization of consequential damages is to the effect that elements of consequential damages are only to be considered insofar as they affect market value. Here, the Court of Claims did award damages only for depreciation in market value. The court made an award of "direct damages" for the loss of trees and shrubs. Where trees and shrubs are in the area taken, the proper measure of damages is to include in the award the enhancement value of these items *(Du bois v State of New York,* 54 AD2d 782; *Zaremba v State of New York,* 29 AD2d 723). The State's appraiser found the enhancement value of the landscaping to be $1,500 before the taking and $500 after the taking, which finding the court adopted. In fact, the court's award was based on the enhancement value of the landscaping. Therefore, the $1,000 awarded under this item can be sustained as loss of the enhancement value of the trees and shrubs. Together with the $400 award for loss of setting and the $1,000 award for severance damages caused by the proximity of the appropriation to the house, this award constitutes a proper award of consequential damages for loss of a buffer zone. The before and after rule requires that the depreciation in the market value of the remainder be fixed. The Court of Claims found consequential damages by adding the various items of damages. Generally, it is improper to fix an after value by deducting the aggregate of all items of damages *(Baker v State of New York,* 36 AD2d 881). However, it is not unusual in practice for an after value to be fixed by deducting items of damages from the before value. The court might better have followed the before value and after value rule, and should have more carefully adhered to findings within the range of the testimony for each of the separate items presented. However, the total award was well within the range of the testimony and, under all the circumstances, the award was fair and just, and should be affirmed *(Rozen v State of New York,* 52 AD2d 697; *Matter of City of Rochester v Baker,* 48 AD2d 1004). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Larkin, JJ., concur.