■ JOHN D. STOCKDALE, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61997.) — Appeal from a judgment in favor of claimant, entered January 30, 1980, upon a decision of the Court of Claims. The State is appealing from an award of damages to claimant for the appropriation of 45.275 acres of his land in Otsego County. The errors alleged by the State relate to the consequential damages portion of the award. Prior to the taking, the subject property was an irregularly shaped 275-acre tract located on both sides of State Route 7 in the Town of Worcester. The 136.5 acres north of Route 7 were unaffected by the taking. The Schenevus Creek, along which the State had reserved and maintained a fishing easement, ran through the southern parcel, roughly parallel to Route 7. Building improvements, consisting of a residence, garage and storage shed north of Route 7 and a dairy barn, two silos, a shed and a garage south of Route 7 were not directly affected by the taking. The trial court found that the highest and best use of the subject property, both before and after the taking, was as a livestock farm with recreational land. The court found that the taking did not affect the pasturage acreage, but did reduce the crop land by almost one quarter and the recreational land to one third of its before-taking area. Direct damages of $25,650 and consequential damages of $23,550, including $6,450 for the recreational land and $10,000 for the building improvements, were awarded by the court. It is the latter two consequential damage components of the award that the State takes issue with. Initially, we reject the State's contention that the court erred in finding consequential damages to the recreational land. A reading of the court's decision in its entirety reveals that the court based its finding on the reduction of the total recreational land south of Route 7 from 48 to 17.225 acres and the isolation of a 4.363-acre strip on the south side of Schenevus Creek. The court concluded that these factors lessened the recreational enhancement value of the recreational land left after the taking. The State has advanced no persuasive argument for disturbing this finding, which is supported by the record. With respect to the award of consequential damages to the buildings, claimant's expert testified that the buildings had sustained consequential damages in the amount of $6,000 while the State's expert was of the opinion that the buildings had sustained no damage by the taking. As a result, there was no range of testimony *(J.C.W. Realty Corp. v State of New York,* 44 AD2d 618, mot for lv to app den 34 NY2d 521), and under such circumstances, if the award fixed by the court, including any element thereof, varies from the expert's opinion, the award must be supported by other evidence in the record and a sufficient explanation provided by the court *(Ridgeway Assoc. v State of New York,* 32 AD2d 851, 852). Here, the court failed to explain its use of $10,000 as the consequential damages to the buildings when the only

evidence in the record as to such damages was the $6,000 figure given by claimant's expert. Accordingly, the judgment must be modified by reducing the consequential damages portion of the award relating to the buildings from $10,000 to $6,000 (see *Friedrichsen v State of New York,* 34 AD2d 602). Judgment modified, on the law and the facts, by decreasing the amount of the award from $49,200 plus interest to $45,200 plus appropriate interest, and, as so modified, affirmed, without costs. Mahoney, P.J., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.