■ EDWARD K. WILLIAMS, Respondent, v STATE OF NEW YORK, Appellant. — Appeal from an order of the Court of Claims (O'Shea, J.), entered August 24, 1981, which reopened the trial of a claim for the taking of part of claimant's

land. Claimant owned an 11.2-acre parcel of land fronting on the Schoharie Turnpike, a two-lane macadam highway in the Town of Duanesburg, County of Schenectady. The parcel was improved by a two-story colonial residence designed and constructed by claimant. On November 3, 1977, the State appropriated in fee three acres at the rear of the parcel, substantially covered by hardwood trees standing 70 to 90 feet in height. A five-lane interstate highway was constructed across the appropriated land, requiring the removal of the woodlot. Claimant's residence stands approximately 700 feet from the appropriated area and 100 feet from the Schoharie Turnpike, and was substantially completed on the appropriation date. In the underlying action, claimant seeks direct damages in the sum of $8,000 and consequential damages of $10,000 stemming from the partial appropriation. The State valued the appropriated parcel at $3,500 and has made payment in that amount. During the trial, claimant offered proof only as to consequential loss, basing his claim primarily on the negative impact of removal of the wooded area and replacement by the highway, with the attendant loss of privacy, increase in noise and change in the character of the view. In this respect, claimant's appraiser asserted the highest and best use both before and after appropriation was as a country home. The appraiser fixed consequential damages at $9,500, finding a before value of $74,000 and an after value of $64,500. the State's appraiser concurred in finding the highest and best use was residential, but valued the property at $61,500 before the taking and $57,881 afterwards. He concluded the property incurred $3,600 in direct damages, but sustained no consequential loss. In making this assessment, the appraiser referred to a study made by the State Department of Transportation which found no appreciable increase in noise level. He further noted that a neighbor's adjacent woodlot remained in view, thus preserving the esthetic view claimant contends was lost. The Court of Claims acknowledged that the State's appraiser utilized a generally more acceptable approach than did claimant's appraiser, noting that the former utilized "several comparables which were adjusted with a good deal of logic". Nonetheless, the court emphasized a quandry in proof existed which precluded a proper determination of damages absent further evidence. The court declared that both direct and consequential damages were evident, but to an extent not ascertainable. Consequently, the court ordered the trial reopened for purposes of receiving additional proof, from which order the State has appealed contending that there was sufficient evidence upon which to make a determination. It is well settled that upon a partial taking, an owner is entitled not only to the value of the land taken (i.e., direct damages), but also to any consequential damages which arise from the State's use of the parcel taken (*Dennison v State of New York*, 22 NY2d 409; see, generally, 19 NY Jur, Eminent Domain, § 199, pp 439-441). Consequential damages consist of the diminution in the value of the remainder resulting from the taking of a part and from the condemnor's use of the property taken. Loss of enhancement due to the location and esthetic qualities of a claimant's property is readily cognizable as consequential damage (see *City of Yonkers v State of New York*, 40 NY2d 408, 413). It is clear that the presence of an interstate arterial in place of a preserved woodlot had a consequential effect on the market value of the premises remaining (see *Dennison v State of New York*, 22 NY2d 409, *supra; Keinz v State of New York*, 2 AD2d 415). "Where trees and shrubs are in the area taken, the proper measure of damages is to include in the award the enhancement value of these items (*Du Bois v State of New York*, 54 AD2d 782; *Zaremba v State of New York*, 29 AD2d 723)" (*Cummings v State of New York*, 62 AD2d 1084, 1086). Claimant testified that he purchased the property to enjoy its "country atmosphere" and designed his home to take full advantage of the view extending out to the wooded area. Contrary to the State's contention, approxi-

mately one-half mile of the highway is now visible from claimant's home. Moreover, the court determined that the property enjoyed " 'an identifiable and functional interest in quietude' " (quoting *Du Bois v State of New York,* 54 AD2d 782, 783, *supra*), adversely affected by the arterial in terms of increased noise. The proximity of claimant's home to the Schoharie Turnpike, a rural road, does not "militate" against such a finding. Having established a consequential loss, it was necessary to award just compensation (NY Const, art I, § 7, subd [a]; *Keinz v State of New York,* 2 AD2d 415, 417, *supra*). Claimant's appraisals were deficient. The after value was established at a time almost three years after the taking. It is required that value be established at the date of the taking (*Matter of Board of Water Supply of City of N. Y.,* 277 NY 452, 458-459). Moreover, the after value appraisal did not reflect the decrease in value due to the direct taking. To establish before value, claimant used his deceased wife's estate tax proceeding appraisal. Claimant's appraiser conceded that the value arrived at was based on a comparable sale which he had never viewed. In determining "just compensation", the court does not make an independent appraisal but must necessarily rely on the evidence presented (*Matter of City of New York [Lincoln Sq. Slum Clearance Project]*, 15 AD2d 153, 160-161, affd 16 NY2d 497). The court is not concluded by the expert testimony presented as to value, or bound to choose between the figures submitted by the respective parties. Where, as here, the court is unable to accurately measure the damages, it may reopen the trial to obtain further and more appropriate evidence on the issue (Court of Claims Act, § 9, subd 8; *Mohawk Carpet Mills v State of New York,* 173 Misc 319, 320-322). In our view, the order to reopen the case was a proper exercise of discretion. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Weiss and Levine, JJ., concur.