■ GEORGE W. MONSER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64138.) — Appeal from a judgment in favor of claimant, entered

August 23, 1982, upon a decision of the Court of Claims (Hanifin, J.). Claimant was the owner of an irregular shaped lot in Oneonta known as 103-105 Main Street. The lot contained approximately 18,280 square feet and had 75 feet of frontage on the west side of Main Street and an over-all depth of 170 feet. Erected thereon was a one-story concrete block building which was leased and used as a dance hall and nightclub at an annual rental of $18,000. Subsequently, the premises were leased as a roller skating rink at the same rental. Land improvements were minimal consisting of some blacktop and a concrete entranceway on Main Street. The filing of an appropriation map on September 7, 1978 resulted in a taking of four feet in depth on the south line and six feet in depth on the north line generally following the curve of Main Street, totaling some 346 square feet (.008 acre) across the entire frontage. This reduced the setback of the building to one and one-half feet at the southeast corner and eight feet at the northeast corner. Following trial, the court awarded claimant $6,900 in damages and allocated $1,100 for direct damage, $5,600 for consequential damage, with $200 as compensation for the value of the temporary easement. The State has appealed. The sole issue is whether the trial court erred in awarding $5,600 in consequential damages based upon the elimination of potential use of the appropriated area for shrubbery and landscaping and the increased exposure to traffic noise and odors by reason of the reduced setback from Main Street, a heavy traffic city thoroughfare, relying upon *Valicenti v State of New York* (35 AD2d 610) and *Bronxville Palmer v State of New York* (36 AD2d 10). The State contends that the award of direct damages includes any loss of shrubbery and landscaping and, therefore, the sole remaining basis for the consequential damages is street noise and odors, items held to be impermissible under *Valicenti* (*supra*). Under certain circumstances, noise is a proper element of consequential damages (*Zaremba v State of New York,* 29 AD2d 723, 724). While we do not disagree with the holding in *Valicenti,* we find the circumstances here to be distinguishable. We do not dispute that an award for direct damages would include a loss of shrubbery and landscaping actually taken, but here the loss concerned potential future use of the land for shrubs with its attendant enhancement value, which clearly constitutes a factor of consequential damage. The trial court found that "[t]he setback obviously did adversely affect the subject remainder to a degree". The court found that a loss of potential future use of the land for shrubbery and landscaping and greater exposure to traffic noise and odors resulted, and that the setback loss increased the hazards of operating a business on the subject land. Although the trial court refused to accept the appraiser's change in valuation on an income analysis basis, it agreed that there was some loss of value to the property as a result of the loss of setback and reasonably computed the consequential loss as $500 damage to the land, $5,000 damage to the building and $100 damage to the land improvements. An award for consequential damages for loss of a buffer zone is proper (*Cummings v State of New York,* 62 AD2d 1084). We find support for the trial court's determination in our recent decision in *Williams v State of New York* (90 AD2d 882, 883), where we held that: "Consequential damages consist of the diminution in the value of the remainder resulting from the taking of a part and from the condemnor's use of the property taken. Loss of enhancement due to the location and esthetic qualities of a claimant's property is readily cognizable as consequential damage (see *City of Yonkers v State of New York,* 40 NY2d 408, 413)." It is apparent the trial court considered noise and odors as a factor and whatever amount was attributed thereto is obviously not separable from the other legitimate factors considered and, therefore, "not subject to evaluation by this court nor of sufficient portent in our view as to require a new trial" (*Dennison v State of New York,* 28 AD2d 28, 29). Judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.