■ In the Matter of SARATOGA COUNTY SEWER DISTRICT #1, Appellant-Respondent, v BERNARD GORDON et al., Respondents, and MARINE MIDLAND BANK-EASTERN, N. A., Respondent-Appellant. — Cross appeals from an order of the County Court of Saratoga County (Brown, J.), entered May 23, 1983, which in a condemnation proceeding, *inter alia,* confirmed the second amended report of the Commissioners of Appraisal. ¶ In 1975, petitioner appropriated a 40-foot wide strip of land running westerly from Route 4 through respondents' property in the Town of Halfmoon, Saratoga County. The land was sought to be used as an access road to a new sewage disposal plant. Later, when it was realized that the taking rendered the remaining property to the south of the appropriated land of no value to the owners, that portion was also appropriated, making a total taking of approximately 1.2 acres. ¶ The Commissioners of Appraisal, after a number of hearings, rendered a decision which was accepted by County Court. They awarded respondent Marine Midland Bank-Eastern, N. A. (respondent) $35,000. The commissioners determined that the total value of the property before the taking was $218,500 and the after taking value was $183,500. They concluded that the fair market value of the land taken was $15,000, and that the value of the remaining land and improvements was diminished $20,000 by the nature of the taking. The commissioners awarded interest on the total award from the date of taking. County Court accepted the decision, awarded an additional allowance of 5% of the total award pursuant to subdivision 2 of former section 16 of the Condemnation Law, but denied interest on the $20,000 award for consequential damages. Petitioner appeals the award in all respects and respondent cross-appeals the denial of interest on the consequential damages portion of the award. ¶ As we understand petitioner's contention, it is urged that the award must be vacated in its entirety because the commissioners accepted neither of the appraisals introduced, but made their own assessment without stating the specific method of making that determination. We disagree. It was sufficient that their evaluation of the land at $12,500 an acre was made after giving full consideration to the expert testimony and arriving at a value within that range (*City of Binghamton v Koffman*, 28 AD2d 1071; see *Niagara Mohawk Power Corp. v Ricci*, 50 AD2d 1063). There was no requirement that the report set forth specific findings of fact or conclusions of law (see *Auburn Urban Renewal Agency v Schwartz Sons,* 53 AD2d 1051, affd 41 NY2d 1026). Neither was it error to receive evidence of comparable sales outside Saratoga County but only 8 to 10 miles from subject property. There were similarities not only as to the characteristics of the properties, but also as to the economic development of the areas. Use of comparable sales is an appropriate method for determining the

market value of land (see *Novack v State of New York,* 61 AD2d 288; *Sparks v State of New York,* 48 AD2d 236, affd 39 NY2d 884). ¶ Located on the property was a commercial one-story building containing approximately 15,000 square feet, presently being used as a retail store. The building faces in an easterly direction onto Route 4. Between the building and the highway is a paved parking lot. The north wall of the building abuts the property line. Along the entire south wall from the parking lot to the west boundary and extending southerly therefrom was a paved driveway to accommodate delivery vehicles driving to and from an enclosed loading dock attached to the rear of the building. This paved driveway constituted the only legal vehicular access to the rear of the building. The appropriation substantially reduced the width of the driveway to a point that it is difficult and sometimes impossible for delivery vehicles to gain access to the loading dock. The difficulty is caused by the increased sharpness of the turn from a westerly direction to a northerly direction caused by the reduction of the width of the driveway along the east wall. The same or greater problem exists in backing these vehicles out of the area of the loading dock. Exacerbating the problem is the fact that petitioner's access road is three feet higher than respondent's driveway, which creates a problem with snow removal and further restricts the use of delivery vehicles. It should be noted that the difficulty is not in the use of vans and small trucks, but rather in the use of tractor trailers. ¶ It is readily apparent that the limitations as to the use of the remaining property have rendered the property less suitable for commercial purposes. It follows that the owners must be justly compensated for this diminution (*Monser v State of New York,* 96 AD2d 702; *Williams v State of New York,* 90 AD2d 882, 883). The award for severance damages was within the range of testimony of respondent's appraiser (*Stockdale v State of New York,* 81 AD2d 932, revd on other grounds 55 NY2d 788). The power of the courts to review an award is strictly limited and every favorable intendment is to be accorded the actions of the Commissioners of Appraisal (*City of Binghamton v Koffman,* 28 AD2d 1071, *supra*). ¶ County Court properly authorized the additional allowance. The moving papers were sufficient to warrant such an award (see *Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp.,* 86 AD2d 767; *Matter of Dodge v Tierney,* 40 AD2d 936). ¶ County Court did, however, improperly deny interest on the $20,000 award for severance damages. Courts do not distinguish between direct and consequential damages when awarding interest (see *McDonald v State of New York,* 52 AD2d 721, 722, affd 42 NY2d 900; *Dennison v State of New York,* 48 Misc 2d 778, 785, affd 28 AD2d 28, affd 22 NY2d 409). ¶ Order modified, on the law, without costs, by reversing so much thereof as failed to confirm that portion of the report of the Commissioners of Appraisal which awarded interest on the severance portion of damages from the date of the taking, interest is to be granted on the entire award, and, as so modified, affirmed. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.