■ In the Matter of the COUNTY OF NASSAU, Respondent. KNIGHTSBRIDGE COMPANY, Appellant.—In an eminent domain proceeding, the claimant appeals from (1) an order of the Supreme Court, Nassau County (McGinity, J.), dated November 28, 1986, which, after a nonjury trial, *inter alia,* granted the condemnor's motion to amend a prior decision of the same court, dated September 4, 1986, by reducing the principal sum awarded to the claimant from $99,884 to $49,942 for the acquisition of two permanent easements, and (2) a partial final decree of the same court, entered September 8, 1987, which awarded the claimant the principal sum of $65,509 for the acquisition of two permanent easements and a temporary working easement.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the partial final decree is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a partial final decree in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the partial final decree (CPLR 5501 [a] [1]).

In the instant eminent domain proceeding, the County of Nassau acquired two permanent easements for drainage purposes on property owned by the claimant Knightsbridge Company in the Village of Great Neck Plaza.

It is well settled that upon a partial taking of property, as occurred in the instant proceeding, "an owner is entitled * * * to any consequential damages which arise from the State's use of the parcel taken" *(Williams v State of New York,* 90 AD2d 882, 883; *Dennison v State of New York,* 22 NY2d 409). Consequential damages consist of "the diminution in the value of the remainder resulting from the taking of a part and from the condemnor's use of the property taken" *(Williams v State of New York, supra,* at 883).

It was the claimant's theory that prior to the partial taking in the instant proceeding, it could have built two additional three-story apartment buildings on its property with a total of

86 apartment units, and that only 56 units could be built after the partial taking, resulting in consequential damages of $516,750. However, the county's experts testified that based on economic and topographic factors, as well as applicable zoning restrictions, the claimant's property could only yield an additional 54 dwelling units, both before and after the partial taking. Under these circumstances, the Supreme Court, Nassau County, properly concluded that the claimant had not met its burden of establishing an evidentiary basis for the award of consequential damages (see, Matter of City of New York [Broadway Cary Corp.], 34 NY2d 535, rearg denied 34 NY2d 916; Matter of Niagara Mohawk Power Corp. [Peryea], 118 AD2d 891; Mil-Pine Plaza v State of New York, 72 AD2d 460, 464).

We have examined the remaining arguments raised by the claimant and find them to be without merit. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.