■ MONTICELLO AIRPORT, INC., Appellant, v STATE OF NEW YORK et al., Respondents.—Mikoll, J. P. Appeal from an order of the Court of Claims (McCabe, Jr., J.), entered March 13, 1991, which, *inter alia,* required the parties to file supplemental appraisals on the question of damages and determined that a retrial on that issue was necessary.

Claimant is the owner of approximately 648 acres of contiguous property acquired over a four-year period by separate deeds on which an airport in the Town of Thompson, Sullivan County, is located. Over three acres of this property was encumbered by a 250-foot wide transmission line easement owned by New York State Electric and Gas Corporation. Subsequently, in 1985 and 1986, the Power Authority of the State of New York appropriated two separate electric transmission line easements over 2.17 acres and 9.51 acres of claimant's property including additional acreage to remove brush, trees and obstructions to erect a power line. Claimant thereafter commenced this claim for permanent appropriation against the State seeking to recover $698,600 in damages. The Power Authority was added as a party defendant pursuant to stipulation.

Expert evidence as to value was presented and, following the trial, the Court of Claims ruled that the property's highest and best use was for residential or recreational development, and that claimant improperly valued the property as a specialty use under the cost approach. It rejected claimant's argument that the improvements enhanced the value of the property and that there were consequential damages due to frustration of claimant's future plans. The court additionally ruled that the proper method of valuation was by the market data approach as used by the appraisers in determining land value and, finding both appraisals deficient in many ways, ordered that the trial be reopened for further appraisal evidence. The court denied claimant's motion to strike defendants' entire appraisal but granted it to the extent of striking defendants' methodology of appraisal. Claimant appealed and defendants subsequently moved to dismiss the appeal because the order "consisted only of preliminary findings of fact and a trial order" which "are not appealable". Claimant opposed this motion arguing "laches" and that "it would be impracticable for this court not to hear and determine the issues raised in this appeal at this time". This court heard and considered the motion to dismiss the appeal with the appeal from the Court of Claims' order.

In our view the more practical course to follow is to grant the motion to dismiss this appeal. Claimant will be able to raise all issues on appeal from the final judgment after the Court of Claims has determined damages (see, Mayo v State of New York, 135 AD2d 1104, 1105), which we find preferable to deciding the issues in a piecemeal fashion as was done in Williams v State of New York (90 AD2d 882), cited by claimant. "[T]he court's order to the parties to submit further appraisals is nothing more than a trial order, from which no appeal may be taken" (Mayo v State of New York, supra, at 1105).

Yesawich Jr., Levine, Mercure and Harvey, JJ., concur. Ordered that the appeal is dismissed, without costs.