■ In the Matter of ARTHUR SMYLES et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 91871.) [743 NYS2d

742] —In a claim to recover damages for the appropriation of real property, the claimants appeal, as limited by their brief, on the ground of inadequacy, from so much of a judgment of the Court of Claims (Silverman, J.), dated April 25, 2001, as, upon the granting of the defendant's motion to strike their appraisal, is in their favor and against the defendant in the principal sums of only $381,000 for the permanent appropriation of their property, and $625 per month for a temporary easement.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the matter is remitted to the Court of Claims for a determination consistent herewith.

Prior to the commencement of the trial, the claimants and the State submitted appraisal reports. The State then moved to strike the claimants' appraisal report on the ground that most of the comparable leases and sales contained in the claimants' report did not indicate the addresses of the parties to the leases and sales, and the majority of the comparable sales and leases had not been verified by a party to those transactions. The Court of Claims granted the State's motion, rejected the claimants' appraisal report, and adopted the appraisal report of the State.

Under the facts of this case, where there was at least one comparable that complied in the claimants' appraisal, and others in the State's appraisal, the Court of Claims improperly granted the State's motion to strike the claimants' entire appraisal report. Although the claimants violated Court of Claims Act § 16 by failing to include the addresses of all the parties to the comparable sales and leases, only those transactions which could not be verified by the State should have been rejected by the court (*see Dennison v State of New York,* 28 AD2d 28, *affd* 22 NY2d 409). Further, contrary to the State's position, there is no requirement that the information contained in a comparable sale or lease be verified by a party from that sale or lease. S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.