RA Three RDS, LLC v State of New York (2019 NY Slip Op 00919)





RA Three RDS, LLC v State of New York


2019 NY Slip Op 00919


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-07329

[*1]RA Three RDS, LLC, appellant, 
v
State of New York, respondent. (Claim No. 124931)


Flower, Medalie & Markowitz, Bay Shore, NY (Edward Flower of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha Dasgupta and Scott A. Eisman of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages based upon a partial taking of real property and the acquisition of a temporary easement over real property, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated January 12, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the claim for consequential damages.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The claimant was the owner of property located on Route 112 in Suffolk County. In October 2012, the State of New York appropriated two parcels of the claimant's property, and exercised a temporary easement for a work area over two other parcels of the claimant's property. The State also appropriated, from a neighboring landowner, a piece of property on which the State built a drainage recharge basin.
The claimant filed a claim against the State for just compensation seeking damages for the taking of its property, as well as the alleged decrease in the aesthetic appearance and value of its property caused by the construction of the drainage recharge basin on the neighboring property.
The State, inter alia, moved for summary judgment dismissing the claim for consequential damages, and the Court of Claims, in an order dated January 12, 2018, among other things, granted that branch of the motion. The claimant appeals from that portion of the order.
"[U]pon a partial taking [of property], an owner is entitled not only to the value of the land taken (i.e., direct damages), but also to any consequential damages which arise from the State's use of the parcel taken" (Williams v State of New York, 90 AD2d 882, 883; see Dennison v State of New York, 22 NY2d 409, 412; Matter of County of Nassau [Knightsbridge Co.], 144 AD2d 364, 364). "Consequential damages, also known as severance damages, reflect the fact that in addition to the loss of value of the property actually taken, the condemnee's remaining property may suffer a diminution in value as a result of the loss of the condemned parcels" (Murphy v State of New York, 14 AD3d 127, 132). In this regard, "[c]onsequential damages consist of the diminution in the value of the remainder resulting from the taking of a part and from the condemnor's use of the [*2]property taken" (Williams v State of New York, 90 AD2d at 883; see Matter of County of Nassau [Knightsbridge Co.], 144 AD2d at 364). Such damages are limited to those which arise by reason of the use to which the State puts the property taken and does not encompass those which result from the taking of a neighbor's land (see Du Bois v State of New York, 54 AD2d 782, 782; Lucas v State of New York, 44 AD2d 633, 634; Ahlheim v State of New York, 22 AD2d 752, 752).
Here, the State established that the claimant had no property interest in the neighboring property upon which the recharge basin was built, and any damages resulting from the taking of the neighbor's land were not compensable (see Rochester Refrig. Corp. v State of New York, 25 AD2d 943, 944, affd 19 NY2d 996). In opposition, the claimant failed to raise a triable issue of fact (see Lucas v State of New York, 44 AD2d at 634; Kauffman v State of New York, 43 AD2d 1004, 1004, affd 36 NY2d 745; Ahlheim v State of New York, 22 AD2d at 752). Accordingly, we agree with the Court of Claims' determination to grant that branch of the State's motion which was for summary judgment dismissing the claim for consequential damages.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court