OPINION OF THE COURT
John R. Tenney, J.
Anthony and Luana Impellizjerri are seeking an injunction to restrain the Jamesville Federated Church from playing its carillon. They contend that the playing of the carillon is an *621 invasion of privacy and a nuisance. The carillon is a series of bells which are played in various musical arrangements. It is played three times a day and four times on Sundays at regular hours for a period of approximately four minutes each time. Many attempts have been made to compromise. The speakers have been moved, playing time curtailed and the sound intensity reduced to no avail. Plaintiffs want it stopped. There is no dispute as to the facts and neither party has requested a hearing.
Life is full of sounds. The same sound can be pleasant in one moment and unpleasant in another. Children at play can be a refreshing sound to some and an annoyance to others. Unwanted sound is called noise, and it can produce unwanted effects. It may even reach the point where it becomes a restrainable pollutant. (See discussion 45A NY Jur, Pollution Control and Conservation Laws, § 143.) However, there are many noises which are part of life and which all of us have to learn to accept. Plaintiffs admit that on occasion the normal village and traffic sounds drown out the bells.
In an industrial society, there are many noises which the courts have considered and have found not subject to restraint; trains and whistles, low flying planes, manufacturing noises, loud music (Peters v Moses, 171 Misc 441), road traffic (Sperry v State of New York, 50 AD2d 618), contra stock car racing (State of New York v Waterloo Stock Car Raceway, 96 Misc 2d 350), fans (Hunt v Eschen, 136 NYS2d 136).
In each case, the court has tried to consider the effect in determining the existence of a nuisance. A nuisance may be merely a right thing in a wrong place. (Euclid v Amber Co., 272 US 365, 388.)
The plaintiffs contend that the volume of the bells effects their son who has a neurological disease and is kept awake. Luana Impellizerri claims she has migraine headaches and muscle spasms as the result of an accident which are aggravated by the bells. Generally, the claim is that conversation is disrupted, and the sounds cause severe anxiety and emotional stress to plaintiffs.
Bells in one form or another are a tradition throughout the world. In the Koran, they are considered the music of God. In the Christian world, every church is proud of its bells. The bells are rung for joy, for sadness, for warnings and for worship.
There are people who find total beauty in the sounds of *622 bells in the Tower of Parliameht in London or the daily ritual ringing at the Cathedral of Notre Dame in Paris. There is little question that the sound is often deafening when these bells start to ring, but for the general enjoyment of the public, it is considered acceptable.
It is often said that what is beauty to one may be ugly to another. A person with a special problem or an extra sensitive ear will be upset by any but the purest sound. That is not enough to justify the interfereiice of the law.
The right to make a reasonable use of one’s property has been long protected. Such a right is limited only if it unreasonably interferes with the rights of others. McCarty v Natural Carbonic Gas Co. (189 NY 40, 50) states: "The use made of property may be unpleasant, unsightly or, to some extent, annoying and disagreeable to the occupants of neighboring property without creating a nuisance.”
There must be a material interference with the physical comfort and financial injury before there can be a nuisance. Stated another way, an early Massachusetts case held that the test should be the "common! care of persons of ordinary prudence” and not as to those with "peculiar condition[s]”. (Rogers v Elliott, 146 Mass 349, 353.) The alleged nuisance must be such as would cause an unwanted effect on the health and comfort of an ordinary person in the same or a similar situation. (58 Am Jur 2d, Nuisances, §§ 65-67.)
It seems that the plaintiffs have a special problem because of their own special condition. There are no other complainants, although there are several neighbors who live closer to the church than plaintiffs. It cannot be said that the ringing of the bell is such that would produce an unwanted effect on the ordinary person in the same circumstances.
Plaintiffs also argue that the playing of the music is an infringement on their right to religious freedom. This argument has no merit. The music is played without words although it is the music of well-known Christian hymns. There is no attempt to preach or impose any unwanted views.
Therefore, the plaintiffs’ motion for an injunction is denied, and the defendant’s cross motion to dismiss the complaint is granted.