■ S.E. NICHOLS, INC., Respondent, v NEW PLAN REALTY TRUST et al., Appellants.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered May 10, 1989, which, *inter alia,* denied defendants' motion to dismiss the first and second causes of action in the complaint or for summary judgment dismissing those causes of action, unanimously affirmed, without costs.

Plaintiff is the lessee of a 100,000-square-foot discount department store in North Carolina. Defendants are the landlord and managing agent. Plaintiff alleges that from 1986 to 1988, it made repeated requests to defendants for repair or replacement of the roof of the store. However, because defendants failed to provide the necessary repairs, the roof leaked substantially after every rainfall, flooding the main selling areas, disrupting the store's operations, and seriously damaging plaintiff's fixtures and merchandise. The Supreme Court

denied defendants' motion to dismiss or, in the alternative, for summary judgment dismissing plaintiff's causes of action which sought a declaration that there was a constructive eviction and damages.

Whether defendants' efforts to repair the roof during this period were successful is vigorously disputed and cannot be resolved on a motion for summary judgment. Defendants urge that the delay of four months between October 21, 1988, when plaintiff gave notice that it considered a constructive eviction to have taken place, and February 1989, when plaintiff vacated the store, was unreasonable as a matter of law. We agree with the Supreme Court that the abandonment of a department store in an orderly manner may be a lengthy process and that a delay of even several months might be reasonable under certain circumstances *(see, Leider v 80 William St. Co.,* 22 AD2d 952).

With regard to paragraph 19 of the lease which gives the lessee the right to correct any damage that the lessor fails to correct, we do not construe that provision as requiring the tenant to replace the roof of the premises at an estimated cost of $200,000 and then to seek reimbursement from the landlord. Nor does the provision constitute an unambiguous waiver of the lessee's right to consider itself constructively evicted. We have considered defendants' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ross, Rosenberger, Ellerin and Rubin, JJ.