■ GRAUBARD MOLLEN HOROWITZ POMERANZ & SHAPIRO, Appellant, v 600 THIRD AVENUE ASSOCIATES, Respondent. [658 NYS2d 272] —Order and judgment (one paper), Supreme Court, New York County (Elliott Wilk, J.), entered on or about December 10, 1996, which, *inter alia*, dismissed so much of plaintiff tenant's action against defendant landlord as is based on the claim that defendant's project to replace two elevators with three smaller elevators resulted in a reduction of elevator service that constituted an actual partial eviction of plaintiff, suspending plaintiff's obligation to pay rent and to replenish the security drawn down by defendant when plaintiff did not pay rent, unanimously affirmed, with costs.

Since the alleged interference with plaintiff's ingress and egress never resulted in denial of access, there was no actual partial eviction, and plaintiff's obligation to pay rent was never suspended (*see, Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-84). The IAS Court also properly found that the lease was clear in requiring plaintiff to replenish the letter of credit that it had given defendant in lieu of a cash security deposit in the event it was drawn down by defendant to make good a default in the payment of rent. Concur—Sullivan, J. P., Milonas, Wallach, Tom and Mazzarelli, JJ.