■ INCREDIBLE CHRISTMAS STORE-NEW YORK, INC., Respondent-Appellant, v RCPI TRUST et al., Appellants-Respondents, and RAROC INC., Respondent. [763 NYS2d 280] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered on or about October 7, 2002, to the extent it granted defendants' motions for summary judgment with respect to plaintiff's claim for nuisance and denied such motions with respect to the claim for constructive eviction, unanimously affirmed, without costs or disbursements. Appeal from that part of said order which granted summary judgment dismissing plaintiff's fraud claim unanimously dismissed, without costs or disbursements, as academic in light of the order of the same court and Justice, entered on or about May 15, 2003, granting renewal of said motion for summary judgment and, upon renewal, modifying the order entered on or about October 7, 2002 to reinstate the fraud cause of action.

Plaintiff, which retailed Christmas merchandise out of a store it rented from defendant landlord, claims that it was forced out of business because of the frequent holiday private parties held in the public concourse in front of plaintiff's store by another of the landlord's tenants, defendant restaurant (the restaurant). According to plaintiff, these parties involved elevator closures and high screens that substantially diminished its store's accessibility and visibility, the removal of tables and chairs usually available to the public, and the placement of signs stating "CLOSED FOR A PRIVATE PARTY," resulting in substantially less traffic into the store, and a corresponding drop in revenue, on the days that parties were held.

Plaintiff's nuisance claim against both the landlord and the restaurant was properly dismissed since plaintiff does not allege, and indeed concedes, that the parties did not adversely affect the other tenants on the concourse (*see Impellizerri v Jamesville Federated Church*, 104 Misc 2d 620, 622 [1979]). However, an issue of fact exists as to whether the parties substantially and materially deprived plaintiff of the beneficial use and enjoyment of the store, and thus the claim for constructive eviction was properly sustained (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 83 [1970]). The exculpatory provisions of plaintiff's lease do not preclude this claim as

a matter of law. While the lease provides that alterations or changes to the building do not constitute a constructive eviction if plaintiff is not denied access to the premises, it also requires that the landlord "use reasonable efforts to minimize interference with Tenant's use and occupancy during the making of such changes or alterations." Similarly, while the landlord has the "right to regulate the use of and operate the public portions of the building, as well as portions furnished for the common use of tenants," it must do so "in such manner as it deems best for the benefit of tenants generally." Thus, issues of fact exist as to whether the landlord used reasonable efforts to ameliorate the impact of the parties on plaintiff's business (compare Union City Union Suit Co. v Miller, 162 AD2d 101, 104 [1990], lv denied 77 NY2d 804 [1991], with Cut-Outs, Inc. v Man Yun Real Estate Corp., 286 AD2d 258, 260-262 [2001]). Nor was plaintiff's delay in vacating the premises unreasonable as a matter of law (see S.E. Nichols, Inc. v New Plan Realty Trust, 160 AD2d 251 [1990]), where it appears that attempts were initially made to resolve the dispute without litigation.

We have considered and rejected the parties' remaining arguments for affirmative relief. Concur—Nardelli, J.P., Saxe, Sullivan and Gonzalez, JJ.