■ In the Matter of MISS FLORA WELDON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [853 NYS2d 134]—

In a proceeding, in effect, pursuant to CPLR article 78 in the nature of mandamus to compel the New York City Housing

Authority to provide access to the subject premises to the New York City Department of Housing Preservation and Development for an inspection, the appeal is from an order of the Supreme Court, Queens County (Weiss, J.), dated March 9, 2007, which denied the motion of the New York City Housing Authority to dismiss the proceeding pursuant to CPLR 3211 and 7801 or, in the alternative, for leave to interpose an answer, and granted the petition.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the petition, and (2) deleting the provision thereof denying that branch of the motion of the New York City Housing Authority which was for leave to interpose an answer, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The petitioner is the tenant of record of the subject apartment. She commenced this proceeding pro se, in effect, pursuant to CPLR article 78 in the nature of mandamus to compel the appellant, New York City Housing Authority, to provide the New York City Department of Housing Preservation and Development (hereinafter HPD) with access to the apartment so HPD could conduct an inspection to determine whether the appellant had cured prior violations. It appears that at the time she commenced the proceeding, the petitioner resided at a shelter, although she did not specifically set forth in her petition her reason for vacating the apartment. The appellant moved to dismiss the proceeding pursuant to CPLR 3211 and 7801, or alternatively, for leave to interpose an answer. The Supreme Court denied the motion on the ground that the matter was a special proceeding under CPLR article 4 and granted the petition on the merits. The court concluded that although ordinarily it is the tenant's responsibility to provide access to an apartment for an HPD inspection, "in view of the undisputed fact that the tenant does not and cannot occupy the apartment because of its uninhabitable condition," an exception to the rule existed, thereby warranting the granting of the petition. We modify.

Although we affirm the Supreme Court's denial of that branch of the appellant's motion which was to dismiss the proceeding, we do so on a different ground. Contrary to the Supreme Court's determination, this proceeding is not a special proceeding under CPLR article 4, as such a proceeding requires specific statutory

authorization, which is not present here (*see* CPLR 103 [b]; 401; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C401:1). This is a proceeding, in effect, pursuant to CPLR article 78 in the nature of mandamus to compel. Viewing the petitioner's submissions together, she alleged that she lived at a shelter because the appellant had failed to cure the violations issued by HPD, thereby rendering the apartment uninhabitable. Accordingly, in light of this alleged constructive eviction, the petitioner properly sought to compel the appellant to provide HPD access to the apartment to conduct an inspection (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 83 [1970]; *Incredible Christmas Store-N.Y. v RCPI Trust*, 307 AD2d 816 [2003]).

However, based on the record before us, the court erred in granting the petition without first providing the appellant an opportunity to answer.

In light of our determination, we need not reach the appellant's remaining contentions. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.