■ HOOTERS OF MANHATTAN, LTD., Respondent, v 211 WEST 56 ASSOCIATES, Appellant. [857 NYS2d 112]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 11, 2007, which granted defendant's motion for summary judgment only to the extent of dismissing the first cause of action for breach of the covenant of quiet enjoyment, and granted plaintiff's motion for summary judgment to the extent of dismissing the second, third and fourth counterclaims, unanimously modified, on the law, to dismiss plaintiff's remaining causes of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

It is clear from a reading of the lease that plaintiff tenant waived any right to recover consequential damages from defendant landlord and was, in fact, required to insure itself against such losses. Section 17.01 of the lease provides: "If at any time any windows of the Premises are temporarily closed, darkened or bricked up (or permanently closed, darkened or bricked up, if required by law) or if there is erected any scaffolding on the exterior of the Building for any reason whatsoever including, but not limited to, Landlord's own acts, *Landlord shall not be liable for any damage Tenant may sustain thereby and Tenant shall not be entitled to any compensation therefor nor abatement or diminution of rent nor shall the same release Tenant from its obligations hereunder nor constitute an eviction*" (emphasis added).

Moreover, section 21.01(A) of the lease unequivocally states, in pertinent part, that the "[t]enant waives, to the full extent permitted by law, any right it might otherwise have to claim consequential damages in connection with the tortious acts or negligence of the [Landlord]." In addition, section 18.01(A) (iii) requires the tenant to "keep in full force and effect throughout the Term [of the lease], at Tenant's sole cost and expense, Business Interruption or Extra Expense coverage, with a minimum 12 month indemnity period, on an 'all risks' basis . . . reimbursing Tenant for direct and indirect loss of earnings." Since such waiver clauses, which shield the landlord from liability for consequential damages by requiring plaintiff to procure insurance, are valid and not in violation of public policy (*see Duane Reade v 405 Lexington, L.L.C.*, 22 AD3d 108, 111-112 [2005]), and because the damages sought by plaintiff are clearly consequential in nature and arise primarily out of scaffolding which allegedly obscured its trademark orange awning and blocked the public's view into the restaurant, we conclude that

the foregoing provisions of the lease require the dismissal of plaintiff's complaint.

We disagree with plaintiff's contention that section 21.01 (B) of the lease exposes the landlord to liability, for that subsection specifically provides that it operates "[w]ithout limiting the generality of Section 21.01 A."

Finally, the motion court properly dismissed the counterclaims because there has been no default by plaintiff that would invoke the lease provisions authorizing the payment of legal fees, and the competent evidence fails to support defendant's claims that plaintiff was given signage permission not authorized by the lease in exchange for a waiver of any claims resulting from the repair work on the building. Concur—Andrias, J.P., Nardelli, Buckley and Catterson, JJ. [*See* 2007 NY Slip Op 32044(U).]