■ BOARD OF MANAGERS OF THE SARATOGA CONDOMINIUM, Respondent, v NIR SHUMINER, Appellant. SCANIO MOVERS, INC., Appellant, v THE SARATOGA NEW YORK LLC, Doing Business as THE SARATOGA CONDOMINIUM, et al., Respondents. [51 NYS3d 34]—

Judgment, Supreme Court, New York County (Ellen M. Coin, J.), entered June 5, 2015, in favor of plaintiff the Board of Managers of the Saratoga Condominium (the Landlord), and against defendant Nir Shuminer in the total amount of $133,735.21, and bringing up for review an order, same court and Justice, entered February 20, 2013, insofar as it granted the Landlord's motion for summary judgment in lieu of complaint; and judgment, same court and Justice, entered June 8, 2016, against plaintiff Scanio Movers Inc., t/a Scanio Moving & Storage, Inc. (Scanio), and in favor of defendants the Saratoga New York LLC d/b/a the Saratoga Condominium and the Saratoga Condominium (together the Landlord) in the total amount of $618,640.41, and bringing up for review an order,

same court and Justice, entered July 30, 2015, which, among other things, granted said defendants' motion for summary judgment dismissing the complaint and for summary judgment on their counterclaims, unanimously affirmed, without costs.

In these consolidated appeals, Scanio, a commercial tenant, claimed that it was constructively evicted due to scaffolding and sidewalk sheds around its store, which were erected in preparation for facade work to the Saratoga Condominium. Scanio vacated the premises and commenced an action alleging, among other things, constructive eviction against the Landlord. The Landlord counterclaimed for, among other things, the remaining rent due, and commenced a separate action against Scanio's president and guarantor, Shuminer.

The motion court correctly granted the Landlord's motions for summary judgment. Scanio's claim for constructive eviction is barred by the exculpatory provisions of the lease. Those provisions provide that the Landlord is not liable for "inconvenience, annoyance or injury to business" caused by the erection of scaffolding and sidewalk sheds (*Cut-Outs, Inc. v Man Yun Real Estate Corp.*, 286 AD2d 258, 260 [1st Dept 2001], *lv denied* 100 NY2d 507 [2003]). In any event, the erection of temporary scaffolding and sidewalk sheds does not constitute constructive eviction, because the scaffolding and sheds are authorized by the lease (*Carlyle, LLC v Beekman Garage LLC*, 133 AD3d 510, 510 [1st Dept 2015]).

To the extent Scanio has not abandoned its remaining causes of action, the motion court correctly dismissed those claims as well. In the absence of a constructive eviction, there is no breach of the covenant of quiet enjoyment (*Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d 117, 121 [1958]). The exculpatory provisions also barred Scanio's claim for lost profits (*see Hooters of Manhattan, Ltd. v 211 W. 56 Assoc.*, 51 AD3d 410, 411-412 [1st Dept 2008]). To the extent that Scanio and Shuminer assert that the Landlord breached the lease because it did not promptly proceed with facade repairs, that argument is unavailing because the Landlord was not required under the lease to minimize interference with Scanio's use and occupancy (*cf. Incredible Christmas Store-N.Y. v RCPI Trust*, 307 AD2d 816, 817 [1st Dept 2003] [lease required the landlord to use reasonable efforts to minimize interference]; *Union City Union Suit Co. v Miller*, 162 AD2d 101, 104 [1st Dept 1990] [same], *lv denied* 77 NY2d 804 [1991]).

Because Scanio was not constructively evicted from its premises, Shuminer had no valid defense to recovery of the unpaid rent against him as guarantor. Contrary to Shuminer's

argument, "[a]n unconditional guaranty is an instrument for the payment of 'money only' within the meaning of CPLR 3213" (*Çooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro*, 25 NY3d 485, 492 [2015]). Shuminer may not dispute the amount of the judgment rendered against him, because he himself had successfully moved to amend the judgment to reflect that amount; thus, he is not aggrieved by the judgment (*see* CPLR 5511; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544 [1983]). Further, his appeal from the judgment did not bring up for review the part of the order entered February 20, 2013 that denied his cross motion for consolidation or a joint trial (*Fonda Mfg. Corp. v Lincoln Laminating Corp.*, 72 AD2d 522, 523 [1st Dept 1979], *lv dismissed* 51 NY2d 727 [1980], *lv dismissed* 51 NY2d 768 [1980]; *see also* CPLR 5501 [a] [1]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Richter, J.P., Mazzarelli, Kahn and Gesmer, JJ.