Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered October 19, 2016, dismissing the complaint and awarding defendants attorneys’ fees, unanimously affirmed, without costs.
 

 Plaintiff leased the ground floor and basement from defendants for the operation of its restaurant. In the basement, plaintiff had the exclusive use of approximately 500 square feet of space and a delivery hatch onto the sidewalk; the two areas were connected by a shared common hallway, at the end of which was an elevator designated for defendants’ exclusive use. When defendants undertook work to replace the antiquated elevator, they erected a barrier wall in the hallway, about four feet from the elevator, to address plaintiff’s concerns about the construction’s impact on its food preparation. This wall did not obstruct the delivery hatch.
 

 Article 4 of the lease permits the landlord to make repairs in certain areas of the building with “no allowance to the Tenant for the diminution of rental value and no liability on the part of Owner by reason of inconvenience, annoyance or injury to business” arising from the repairs. Article 13 provides that the landlord is entitled to make changes to elevators or other public parts of the building without incurring liability to plaintiff or giving rise to an eviction. Article 43 of the lease expressly provides that it is subject to the terms and conditions contained elsewhere in the lease, including the foregoing exculpatory clauses.
 

 The trial court properly precluded evidence of the presence of construction dust in the basement space. Although the complaint contains general allegations about dust, the cause of action for breach of the lease is not premised on the presence of dust.
 

 Plaintiff failed to establish that, by taking the four-foot, walled-in common area immediately outside the elevator in the basement, defendants breached article 43 of the lease, which provides that “ [1] andlord’s use of the basement space shall not interfere with Tenant’s use and enjoyment of the basement” (see Cut-Outs, Inc. v Man Yun Real Estate Corp., 286 AD2d 258 [1st Dept 2001], lv denied 100 NY2d 507 [2003]; see also Jackson v Westminster House Owners Inc., 24 AD3d 249 [1st Dept 2005], lv denied 1 NY3d 704 [2006]).
 

 Plaintiff also failed to establish damages resulting from the placement of the barrier wall in the common hallway. The record shows that plaintiff had free and unobstructed use of the delivery hatch at all times when the barrier wall was in place, as well as unfettered ingress and egress to and from its exclusive demised space through the common hallway leading from the hatch. Plaintiffs owner testified that the restaurant was very busy and lucrative during the relevant period, and did not suffer any reduction in gross sales as a result of the containment wall in the basement or the construction generally.
 

 Plaintiff cannot prevail on its cause of action for partial actual eviction, because the hallway was a common area not demised to plaintiff, and defendants’ intrusion into it was “merely a trivial interference with the tenant’s use and enjoyment of the premises” (Eastside Exhibition Corp. v 210 E. 86th St. Corp., 18 NY3d 617, 624 [2012], cert denied 568 US 1028 [2012]; see also Pacific Coast Silks, LLC v 247 Realty, LLC, 76 AD3d 167, 173 [1st Dept 2010]; Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 240 AD2d 161 [1st Dept 1997]).
 

 We have considered plaintiff’s remaining arguments and find them unavailing.
 

 Concur — Tom, J.P., Manzanet-Daniels, Mazzarelli, Oing and Singh, JJ.