Empire Room, LLC v Empire State Bldg. Co. LLC (2018 NY Slip Op 02258)





Empire Room, LLC v Empire State Bldg. Co. LLC


2018 NY Slip Op 02258


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


652017/13 6139 6138

[*1]The Empire Room, LLC, Plaintiff-Appellant-Respondent,
v
Empire State Building Company LLC, Defendant-Respondent-Appellant.


Rosenberg Feldman Smith, LLP, New York (Michael H. Smith of counsel), for appellant-respondent.
Stern Tannenbaum & Bell LLP, New York (Karen S. Frieman of counsel), for respondent-appellant.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 18, 2017, which granted defendant's summary judgment motion to the extent of dismissing allegations that defendant breached the lease by erecting scaffolding that materially impaired free access to the demised premises; dismissed plaintiff's constructive eviction defense; granted summary judgment as to liability on defendant's second counterclaim for rent arrears and third counterclaim for attorneys' fees; and denied defendant's motion to the extent of finding an issue of fact as to whether defendant made commercially reasonable efforts to cause the scaffolding to be removed as soon as reasonably practicable; declined to dismiss plaintiff's claim seeking the return of its letter of credit, pending determination of whether defendant breached the lease; and denied summary judgment on defendant's first counterclaim for breach of the lease, unanimously modified, on the law, to the extent of (i) dismissing plaintiff's claim for breach of Article 4(N) of the lease in its entirety; (ii) granting defendant summary judgment on the first counterclaim insofar as based on allegations that plaintiff breached the lease by vacating without defendant's prior consent and failing to pay rent for the full lease term; and (iii) directing a hearing to determine defendant's damages on its second counterclaim, and otherwise affirmed, without costs. Order, same court and Justice, entered October 3, 2017, which, to the extent appealed from, denied plaintiff's motion for leave to renew, unanimously affirmed, without costs.
Viewing the evidence in the light most favorable to plaintiff (Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932 [2007]), it has failed to raise an issue of fact as to whether defendant made commercially reasonable efforts to cause the scaffolding to be removed as soon as reasonably practicable before plaintiff vacated the demised premises on May 30, 2013, or thereafter. As such, defendant is entitled to summary judgment dismissing this part of the breach of lease claim (Zuckerman v City of New York, 49 NY2d 557, 562 [1980] [mere conclusions, expressions of hope or unsubstantiated allegations are insufficient to defeat summary judgment]).
Plaintiff's constructive eviction defense is barred by the exculpatory language in Article 4(N), which provides that "there shall be no liability of Landlord to Tenant in connection" with the installation of scaffolding or a sidewalk bridge (see Board of Mgrs. of the Saratoga Condominium v Shuminer, 148 AD3d 609, 610 [1st Dept 2017]). Article 5(A) is inapplicable, since plaintiff has not established that defendant breached the lease.
Defendant has established that plaintiff breached Article 3(F) of the lease by vacating the demised premises without its prior written consent. Moreover, the parties stipulated that plaintiff's surrender of the premises was without prejudice to defendant's right to assert any claim against plaintiff, including for breach of the lease, and to seek the payment of rent for the entire lease term.
As to the letter of credit, a hearing should be held to determine defendant's damages.
On its motion to renew, plaintiff failed to raise "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK