SpringPrince, LLC v Elie Tahari, Ltd. (2019 NY Slip Op 04885)





SpringPrince, LLC v Elie Tahari, Ltd.


2019 NY Slip Op 04885


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Gische, J.P., Webber, Kahn, Kern, JJ.


653698/18 9654 9653

[*1]SpringPrince, LLC, Plaintiff-Respondent,
v
Elie Tahari, Ltd., Defendant-Appellant.


Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Deirdre E. Tracey of counsel), for appellant.
Joseph T. Mullen, Jr. & Associates, New York (Paul Biedka of counsel), for respondent.



Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered December 10, 2018, to the extent appealed from as limited by the briefs, awarding plaintiff the aggregate amount of $175,212.52 as against defendant, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about November 21, 2018, which granted plaintiff's CPLR 3213 motion, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The purpose of CPLR 3213 is "to provide quick relief on documentary claims so presumptively meritorious that a formal complaint is superfluous, and even the delay incident upon waiting for an answer and then moving for summary judgment is
needless" (Weissman v Sinorm Deli, 88 NY2d 437, 443 [1996]). A guaranty of a payment under a lease can fall within the parameters of CPLR 3213 (Board of Mgrs. of the Saratoga Condominium v Shuminer, 148 AD3d 609, 610, 611 [1st Dept 2017]).
Plaintiff's motion for summary judgment in lieu of complaint was properly granted against defendant based on the guaranty in the lease. Here, there is no dispute that defendant guaranteed the payment of the tenant's rent obligations, and that the tenant ceased making rent payments thereunder. Thus, defendant is obligated under the guaranty for the tenant's default under the lease.
Defendant asserts that it is relieved of its obligations as guarantor under the lease based on the fact that subsequent to the signing of the lease and guaranty, the tenant and landlord signed an agreement to reduce the tenant's rent obligations for a period of time, to which defendant alleges it did not consent. However, such assertion is unavailing. "Under general contract rules, an obligation may not be altered without the consent of the party who assumed the obligation" (Bier Pension Plan Trust v Estate of Schneierson, 74 NY2d 312, 315 [1989], citing Becker v Faber, 280 NY 146, 148-149 [1939]). Indeed, contracting parties "may not alter the surety's undertaking to cover a different obligation without the surety's consent" (Bier, 74 NY2d at 315). "An obligation is altered when the debtor is discharged from the original contract and a new contract is substituted in its place. The test is whether there is a new contract which will be enforced by the courts" (id.). However, "[i]ndulgence or leniency in enforcing a debt when due is not an alteration of the contract" (id. at 316). The Court of Appeals has held that "an agreement merely to remit part of the performance due from the principal without changing its character as by lessening the amount of rent to be paid under a guaranteed lease . . . will not discharge the surety" (Becker, 280 NY at 150).
The subsequent agreement between the tenant and the landlord reducing the tenant's rent obligations did not discharge defendant's obligations under the guaranty as it merely constituted leniency on the part of the landlord and did not create a new contract between the parties.
We have considered defendant's remaining arguments, including its argument, which was raised for the first time on
appeal, that plaintiff's motion should be denied because it was procedurally defective, and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK