Penny Port, LLC v Metropolitan Transp. Auth. (2021 NY Slip Op 03417)





Penny Port, LLC v Metropolitan Transp. Auth.


2021 NY Slip Op 03417


Decided on June 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 01, 2021

Before: Kern, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 161815/15 Appeal No. 13977-13977A Case No. 2020-02548, 2020-04482 

[*1]Penny Port, LLC, Plaintiff-Appellant,
v
Metropolitan Transportation Authority et al., Defendants-Respondents.


Davidoff Hutcher & Citron LLP, New York (David H. Wander of counsel), for appellant.
Hoguet Newman Regal & Kenney, LLP, New York (Ira J. Lipton of counsel), for respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered March 18, 2020, which granted defendants' motion for summary judgment dismissing the complaint, and order, same court and Justice, entered October 16, 2020, which denied plaintiff's motion to renew, unanimously affirmed, without costs.
Plaintiff, the owner of Michael Jordan Steakhouse previously located in Grand Central Terminal, seeks to recover damages caused to its business as a result of defendants' years-long leak remediation project, which involved placing barricades on Vanderbilt Avenue. The lease between plaintiff and defendants MTA and Metro North contained a provision related to construction work undertaken by MTA. Section 15.3 provided that MTA might renovate portions of Grand Central Terminal and, at times, would perform construction work in and about the building which could result in noise and disruption to plaintiff's business. In pertinent part, section 15.3 provided, "Tenant agrees that Landlord shall not be liable for, and Tenant expressly waives and releases Landlord . . . from, any liability and any and all claims Tenant may have against [it] for any loss, injury, or other damage . . . including without limitation, lost profits . . . arising or alleged to be arising as a result of any such construction or other work activity."
That provision explicitly and unambiguously bars claims for lost profits due to the type of construction work at issue here (see Wilson Trading Corp. v David Ferguson, Ltd., 23 NY2d 398, 403 [1968]). Liability limiting clauses such as this are enforceable unless unconscionable (see ZMoore, Ltd. v Kingman Mgt. LLC, 154 AD3d 603 [1st Dept 2017], lv denied 30 NY3d 913 [2018]; Board of Mgrs. of the Saratoga Condominium v Shuminer, 148 AD3d 609, 610 [1st Dept 2017]).
Section 2.3.4 of the lease, which required MTA to use reasonable efforts to perform certain work so that it did not unreasonably interfere with the reasonable operation of plaintiff's business, is inapplicable to modify the unequivocal waiver of plaintiff's right to claim lost profits. That section of the lease pertains to delineated types of work that would impact the restaurant directly, and included a provision for rent abatement under specified circumstances, which was carved out of the general waiver of
recovery for plaintiff's loss (see generally Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2021