116 St. Laundromat & Dry Cleaning Inc. v 240-42 W. 116 St. Hous. Dev. Fund Corp. (2023 NY Slip Op 02055)

116 St. Laundromat & Dry Cleaning Inc. v 240-42 W. 116 St. Hous. Dev. Fund Corp.

2023 NY Slip Op 02055

Decided on April 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 20, 2023

Before: Oing, J.P., González, Shulman, Higgitt, JJ. 

Index No. 654876/20 Appeal No. 78 Case No. 2023-00184 

[*1]116 Street Laundromat and Dry Cleaning Inc., Plaintiff-Appellant,
v
240-42 West 116 Street Housing Development Fund Corporation, Defendant-Respondent.

Ganfer Shore Leeds & Zauderer LLP, New York (Ira Brad Matetsky of counsel), for appellant.
Rivkin Radler LLP, New York (Henry M. Mascia of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered November 18, 2022, which, to the extent appealed from as limited by the briefs, granted defendant's motion for a preliminary injunction requiring plaintiff to vacate the leased premises during the building's restoration work, upon defendant's posting a $10,000 bond, and denied plaintiff's motion to enjoin defendant from compelling plaintiff to vacate, unanimously reversed, on the law, without costs, and the matter remanded for a hearing under CPLR 6312(c) to determine the timing, duration, and conditions on which plaintiff must vacate the leased premises, and to set an appropriate undertaking under CPLR 6312(b).
Given the sharp factual disputes concerning the need for plaintiff commercial tenant to vacate the premises in order for defendant landlord to undertake restoration work in the residential portion of the building and the significant, two-year duration of the period of vacatur requested by defendant, the motion court should have conducted a hearing under CPLR 6312(c) to address how to harmonize plaintiff's obligation to provide access to the commercial space to defendant under articles 13 and 48 of the leases with plaintiff's right to remain in the premises and defendant's obligation to avoid disrupting plaintiff's business. Although the motion court determined that it would be "premature and speculative" to determine whether defendant's work would conform to the lease, a hearing is necessary to resolve the issues of fact on which the request for mandatory injunctive relief is predicated (see CPLR 6312[c]). This is particularly so where, as here, a party is seeking a mandatory preliminary injunction by which a defendant would receive some form of the ultimate relief sought (see e.g. Spectrum Stamford, LLC v 400 Atl. Tit., LLC, 162 AD3d 615, 617 [1st Dept 2018]).
Here, there does not appear to be any disagreement that the residential portion of defendant's building is in dire need of repair, as reflected by the orders to repair/vacate issued against the building by the New York City Department of Housing Preservation and Development (HPD). Although the HPD vacate orders do not apply to commercial premises, plaintiff appears to acknowledge that some period of vacatur may prove necessary to complete the work, since plaintiff instead contends that the two-year period of vacatur contemplated by defendant is excessive, plaintiff's engineers opined that complete vacatur is unnecessary, and plaintiff would be irreparably harmed by shuttering its business entirely for two years. On this basis, we reverse and remand for a hearing to be conducted to ensure that the timing, duration, and conditions on which plaintiff must vacate the leased premises do not needlessly deprive plaintiff of its right to use and enjoyment (Incredible Christmas Store-N.Y. v RCPI Trust, 307 AD2d 816, 816 [1st Dept 2003]). Following the hearing, the motion court should set an appropriate undertaking pursuant [*2]to CPLR 6312(b) that specifically reflects the potential "damages and costs which may be sustained by reason of the injunction," including the impact on plaintiff's business, which is not the type of damages covered by the required insurance.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2023